JOHN H. SMITH, Respondent, *v.* JOHN SATTERLEE et al.,
Appellants.

In an action upon a disputed claim it is not competent for plaintiff to
prove an offer to compromise by paying a specified sum, made by
defendant for the purpose of procuring a settlement of the controversy.

(Argued December 9, 1891; decided December 23, 1891.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made February 13, 1888, which affirmed a judgment in favor
of plaintiff entered upon the report of a referee.

The following is the opinion in full:

" The complaint alleged an indebtedness on the part of the
defendant to one Lutz for services rendered and his assignment
of the demand to the plaintiff. The answer denied any indebt-
edness to Lutz, and averred that prior to the assignment of

Lutz's alleged claim to the plaintiff he became indebted to the defendants in a sum exceeding the amount for which the plaintiff demanded judgment.

"It was not disputed on the trial that Lutz rendered the services for which plaintiff sought to recover, nor their value. But the defendant attempted to prove that Lutz was entrusted with a sum of money due one Minshull, then an engineer on Lutz's division; that Lutz converted the money to his own use, and thereafter the defendants were compelled to pay Minshull such amount.

"Whether Lutz did or did not receive and retain the money intended for Minshull was the only question in the case.

"The defendants' evidence tended to show a request by Lutz of the paymaster for Minshull's money, that it was properly counted, put in an envelope, and placed on the desk with the other pay envelopes which were taken by Lutz to the employes on his division. Lutz denied having received or asked for it.

"The defendant Satterlee testified that Lutz admitted to him that he received the money, but had lost it, as he supposed, out of his overcoat pocket. And in further support of defendants' contention, it was proved that Minshull did not receive his money at the time the other employes on the division received theirs, but that it was paid to him by the defendants about eight days later and by check.

"The plaintiff, against defendants' objection and exception, put in evidence a letter written over a year after this action was commenced, of which the following is a copy:

'63 Broadway, New York, *April 16th*, 1884.
'J. H. Smith, Esq.:

'Dear Sir. — Yours of the 14th inst., is at hand, and contents noted. To save cost and stop further litigation, we are willing to send you our check for fifty ($50) dollars in full liquidation of your claim. Please let us hear from you.

'Yours, etc.,
'JOHN SATTERLEE & CO.'

"The defendants then moved that it be stricken out, but the motion was denied and the exceptions thus taken are assigned

for error on this review, and must be sustained because the letter does not contain an admission of a fact, but rather an offer of compromise, made for the purpose of procuring a settlement of a pending controversy. (*Laurence* v. *Hopkins*, 13 Johns. 288; *Warner* v. *Richmond*, 3 Den. 58; *Draper* v. *Hatfield*, 124 Mass. 53.)

" We cannot agree with the learned judge at General Term that the judgment should not be reversed because the admission of the letter could not have affected the result. It is not seen how this court can determine what effect it had on the mind of the referee who admitted it as evidence, and then refused to strike it from the record. Presumably it was considered in connection with the other evidence which induced a finding favorable to the plaintiff.

" The judgment should be reversed."

*T. C. Cronin* for appellants.

*Frank Cumesky* for respondent.

PARKER, J., reads for reversal.
All concur.
Judgment reversed.