contributory negligence on the part of plaintiff; second, that there was no proof of negligence of the defendant. The plaintiff drove a beer wagon in a southerly direction along the track of defendant on Third avenue, in this city, until he reached Thirty-Second street, when he swung his wagon to the east, in order to get out of the track, and then turned to the west. The wagon was nearly off the track when an electric car struck the hind wheel, and overturned it.

This case was properly submitted to the jury. It was the duty of plaintiff to turn off seasonably to avoid the car approaching from the rear, and, while so doing, the motorman was bound to exercise proper care to avoid a collision with the wagon. Whether the plaintiff was guilty of contributory negligence, and whether the motorman was negligent, were questions of fact for the jury. Quinn v. Railroad Co., (City Ct. Brook.) 12 N. Y. Supp. 223; affirmed, court of appeals, without opinion, 134 N. Y. 611, 31 N. E. Rep. 629.

Judgment and order denying new trial affirmed, without costs.

---

(4 Misc. Rep. 296.)

WALTON v. KANE.

(City Court of Brooklyn, General Term. June 26, 1893.)

NEGLIGENCE—DANGEROUS PREMISES.

    In an action against the owner of a tenement house by a tenant thereof for personal injuries, it appeared that a stairway had become wet and slippery, owing to the defective condition of a water-closet. Plaintiff testified that while she was coming down the steps she slipped, and received the injuries complained of. *Held,* that the questions of defendant's negligence and plaintiff's contributory negligence were properly submitted to the jury.

Appeal from trial term.

Action by Kate Walton against Ann Kane for personal injuries. From a judgment in favor of plaintiff and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

Geo. F. Elliott, for appellant.

Charles J. Patterson, for respondent.

VAN WYCK, J. The defendant was the owner of a tenement house, on the top floor of which the plaintiff and her husband lived as tenants. The stairway leading down from the second floor had at the top thereof a water-closet. For some weeks prior to the accident this closet was out of repair and stopped up, so that its filthy contents and water would flow out of the basin upon the floor of the closet, and thence down these stairs, which were rendered slippery with fecal matter, mixed with dirty water. The plaintiff testified that she went down this stairway three steps, and reached a platform about four feet square, and, while in the act of feeling her way to the edge of it, and about to take hold of the baluster, her foot slipped on some of this filthy matter, and she

was precipitated down 15 steps, receiving the injuries complained of. Defendant's son, who was in charge of and managed this house, testified that he went up and down this stairway daily. Plaintiff had a verdict for $500. Under such circumstances, the negligence of defendant and the freedom of plaintiff from contributory negligence were questions for the jury. Peil v. Reinhart, 127 N. Y. 381, 27 N. E. Rep. 1077; Palmer v. Dearing, 93 N. Y. 7. We think the evidence fully sustains the verdict on both questions.

The only other exception called to our attention by the appellant's counsel, either in his printed brief or oral argument, is that taken to the court's instruction to the jury, at folios 200 to 204. He contends that the evidence of the promise to compensate the plaintiff should have been taken entirely from the jury, on the ground that it was merely an offer to compromise, and cites Smith v. Satterlee, 130 N. Y. 677, 29 N. E. Rep. 225. There are several answers which seem to us to be fatal to this contention: First, it was not an offer to compromise merely, but a voluntary and absolute promise to compensate her, (Brice v. Bauer, 108 N. Y. 428, 433, 15 N. E. Rep. 695, 697;) second, the court instructed the jury to disregard any offer of compromise; third, Smith v. Satterlee and like cases simply hold that an offer of compromise is privileged, and evidence thereof will be excluded if the privilege is claimed by objection to its admission. This testimony was admitted without objection on the part of the plaintiff, and, before it was introduced, defendant's counsel had brought out similar evidence on his cross-examination of plaintiff. The defendant, by failing to object in the one instance, and by bringing out the testimony in the other instance, has waived her privilege.

For these reasons, we think the judgment and order must be affirmed, with costs.

---

(4 Misc. Rep. 285.)

PHILLIPS v. EHRMAN.

(City Court of Brooklyn, General Term. June 26, 1893.)

PLEADING—BILL OF PARTICULARS.

    In an action for injuries to numerous articles of personal property, a bill of particulars of the articles injured and of the damage to each was properly denied where plaintiff had exhibited the injured articles to defendant and his appraiser, and the appraisers of defendant and plaintiff, respectively, together examined and appraised the same.

Appeal from special term.

Action by Albertina Phillips against Isaac Ehrman for injuries to personal property. From an order denying a motion for a bill of particulars, defendant appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

Fernando Solinger, for appellant.
Henry C. Botty, for respondent.

VAN WYCK, J. This is an appeal from an order denying a motion for a bill of particulars. The action is brought to recover