ISAAC BLUMBERG, Appellant, *v.* BARNET BEZOZI, Respondent.

(City Court of New York, General Term, February, 1897.)

Appeal — Exception — Evidence of settlement.

> On the trial of this action, evidence as to a proposed settlement which took place after the commencement of the action and during the trial was admitted against the objection and exception of the plaintiff to the admission " of any conversation as to a settlement."
> Held, that such exception was too general to be available on appeal.

McCarthy, J., dissents.

APPEAL from judgment in favor of the defendant, entered upon a verdict.

Max D. Steuer, for appellant.

Wahle & Stone, for respondent.

FITZSIMONS, J. We cannot agree with the appellant that the verdict herein is against the weight of the evidence.

In fact, as we view the testimony, the verdict could not have been very well otherwise.

The exception taken by the appellant to the admission " of any conversation as to a settlement" herein was too general, in our opinion, to be of any avail upon this appeal to the appellant. He should have objected specifically to the questions asked and such objection should have specifically set out the grounds of such objection, and, having failed to do this, we think that the exception thus taken cannot aid appellant.

Judgment affirmed, with costs.

CONLAN, J., concurs.

McCarthy, J. (dissenting).   I cannot concur with my associates in this case.   It seems to me, without passing on the other questions raised, that the admission of evidence on the part of the defendant's witnesses in regard to a proposed settlement which took place after the commencement of the action and while the trial was proceeding, and this against plaintiff's objection and exception, was error.

The objection fairly and sufficiently raised the question.

If this objection was good, then it was not absolutely necessary to object to every question put thereafter, the presumption being that the judge would maintain his previous ruling.

True, it would have been safer practice to have objected and excepted to every question.

The evidence given on this question must have prejudiced the jury and could not help but affect their mind and judgment in rendering their verdict.   Smith v. Satterlee, 130 N. Y. 677; Davey v. Lohrmann, 39 N. Y. Supp. 207.

The rule is well settled that no advantage can be taken, after the suit brought, of offers made by way of settlement or compromise; that a party may with impunity attempt to buy his peace without affecting him or his cause of action and cannot be used against him at the trial.   Tennant v. Dudley, 144 N. Y. 504.

For these reasons the judgment should be reversed, with costs to the appellant to abide the event.

Judgment affirmed, with costs.