show that whatever was paid to the plaintiff on account of room and board was paid by the wife with her own earnings, which fact was known to plaintiff. The $30 that her husband sent her in the spring were for medicine, not for board, according to her own statement. It was only when the wife left plaintiff that something was said by plaintiff about making the husband pay the balance due, and even then the wife plainly stated that she would pay the balance herself, and not apply to the husband.

It is true that the general rule is, as claimed by appellant, that notwithstanding a separation of husband and wife by mutual consent the former is bound to support the latter, in the absence of either an agreement or a decree of the court relieving him from that burden, and in such case, where he has not made suitable provision for her, if the wife purchases only such things as may be held to be necessaries, the law implies an agency on her part to make the purchases on the husband's credit. Hatch v. Leonard, 165 N. Y. 438, 59 N. E. 270. In the case at bar, as we have seen, this presumption of agency has been affirmatively rebutted by proof showing that the credit was actually given to the wife alone, and not to the husband. The court below reached a correct conclusion in its dispostion of the case. Inasmuch, however, as the pleadings were oral, and no written notice of appearance was served, it was error to allow costs to defendant. Municipal Court Act, Laws 1902, p. 1585, c. 580, § 332.

The judgment will be modified, by striking out the costs, and, as so modified, affirmed, without costs to either party. All concur.

---

(55 Misc. Rep. 228)

### O'BRIEN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term, June 27, 1907.)

1. EVIDENCE—ADMISSIONS—OFFER OF SETTLEMENT.
    In an action for personal injuries, testimony of the plaintiff that he went to defendant's office to see if he were not going to make a settlement, and that defendant offered him $200, to settle, simply to show that defendant acknowledged plaintiff's claim by offering to settle and pay plaintiff $200, was inadmissible.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 745.]

2. TRIAL—MOTIONS TO STRIKE OUT EVIDENCE—EVIDENCE ADMISSIBLE IN PART —SUFFICIENCY OF MOTION.
    Where the whole answer of a witness was objectionable, and· the motion was promptly made to strike it out, and was overruled, and the answer could not in any way ·or for any purpose be competent testimony, the rule that where an answer, a part of which is objectionable, is given by a witness to a question which did not· call for the objectionable part, and no objection is made to the question until it has been answered in part, nor any motion· made after the entire answer was received to strike out any part of it, nor request for instruction to disregard it, the objectionable portion of the testimony is not ground for appeal, has no application.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by James O'Brien against the New York City Railway Company to recover for personal injuries. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

William E. Weaver, for appellant.

M. Strassman, for respondent.

GILDERSLEEVE, P. J. Plaintiff sued for personal injuries received, while driving an ice wagon, in a collision with one of defendant's cars. During the trial the defendant, to contradict some testimony given by the plaintiff, offered in evidence a written statement signed by the plaintiff and made in the office of defendant. Upon redirect examination of plaintiff the following questions were put by plaintiff's attorney to him:

"Q. When you went to 21 Park Row [defendant's office], I want you to state what you went there for? A. I went there to see if they were not going to make a settlement."

This was objected to and overruled. The witness then said:

"I went there to see if they would not settle. They offered me two hundred dollars."

The defendant's counsel thereupon moved to strike out this answer, and his motion was denied. There was nothing in the written statement previously offered in evidence that this testimony tended to explain, and the only purpose of drawing out the testimony was simply to impress upon the jury that the defendant acknowledged plaintiff's claim by offering to settle and pay plaintiff $200. The courts have uniformly held that evidence of offers to settle claims or compromise actions are never competent to establish liability of a defendant. Smith v. Satterlee, 130 N. Y. 677, 29 N. E. 225; Tennant v. Dudley, 144 N. Y. 504, 39 N. E. 644.

The rule that where an answer, a part of which is objectionable, is given by a witness to a question which did not call for the objectionable part, and no objection is made to the question until it has been answered in part, nor any motion made, after the entire answer was received, to strike out any part of it, nor request for an instruction to disregard it, the objectionable portion of the testimony is not ground for appeal, has no application here, as the whole answer was objectionable, and the defendant moved promptly to strike it out, which motion was denied. Neither of the answers above quoted could in any way or for any purpose be competent testimony, and their admission and retention was error. Although the defendant offered no testimony, nevertheless the circumstances of the accident as detailed by the plaintiff and his witness presented purely a question of fact upon which the minds of men might reasonably differ, and it needs no argument to show that proof of an offer on the part of the defendant to pay the plaintiff the sum of $200 might have exerted a considerable influence in moulding the decision of the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.