William Kapelman, J.
The parties have stipulated on the record by their attorneys, pursuant to rule 2104 of the Civil Practice Law and Buies to the facts. In summary, they are:
David Oliphant, the son of plaintiffs, then 17 years of age, was signed on June 30, 1953 to a contract as a ballplayer with a team affiliated with the defendant. The boy was paid $200 per month with an additional payment of $2,000 on September 15, 1953, as a bonus for having been retained by the team at the end of the season. Thereafter, David was signed to another contract with a second of defendant’s farm teams, and as of September, 1955 he was with them.
Plaintiff Morris Oliphant, the young man’s father, sought to have his son released from the contract with the defendant and on September 16, 1955, he delivered to defendant the check of plaintiff Claire Oliphant in the sum of $2,000 to secure their son’s release.
Thereafter, on May 6, 1960, plaintiff Morris Oliphant wrote to the defendant requesting repayment to plaintiffs of the $2,000. There was an interchange of letters and at a meeting between the parties on November 23, 1960, defendant delivered to plaintiff Morris Oliphant a check to said plaintiff for $1,000, which check was indorsed and deposited to his account. Plaintiff Morris Oliphant contemporaneously delivered to defendant a letter signed by him, the effect of which the parties have agreed to be that of a general release. Shortly thereafter, plaintiff Morris Oliphant again wrote to defendant charging that duress had been practiced upon him in securing his release.
Defendant refused to consider the matter further, and on March 15, 1963, the plaintiffs commenced an action against New York Yankees, Inc. (incorrect defendant, proper defendant *396 set forth and jurisdiction submitted to on record in stipulation of submission) with oral complaint for money had and unlawfully received by defendant from plaintiffs. Issue was joined by defendant’s answer of March 22, 1963, containing a general denial and separate defenses of Statute of Limitations, accord and satisfaction and general release.
The plaintiffs’ position is that the defendant had unlawfully exacted from them the sum of $2,000 for their son’s release, that the “ reserve clause ” of the contract was illegal, and that, therefore, the demand and receipt by the defendant of these moneys was similarly illegal. However, the Supreme Court of the United States in Federal Club v. National League (259 U. S. 200) upheld the legality of the clause, the principle of the case having been affirmed in Toolson v. New York Yankees (346 U. S. 356).
Assuming arguendo, the illegality of defendant’s demand and receipt of the $2,000, let us consider the respective positions of each of the plaintiffs.
As to the suit of plaintiff Morris Oliphant, each of the affirmative defenses is a bar to his action. First, his claim has been extinguished by the general release executed by him. (Personal Property Law, § 33, subd. 2.) Secondly, there was a valid executed accord and satisfaction as to his claim since, in defendant’s view, the claim against them was both disputed and unliquidated. (1 N. Y. Jur., Accord and Satisfaction, § 27; Williston, Contracts [3d ed.], §§ 1854,1855.)
Finally, this suit, pursuant to section 213 of the Civil Practice Law and Buies is governed by the six-year statute. It may be likened to the suit for reimbursement of illegal assessment, which is within this section. (Riverdale v. City of New York, 13 A D 2d 103.) The defense of Statute of Limitations is valid. Plaintiffs admit that the statute began to run in 1955, but claim that it was tolled in 1960 by the defendant’s $1,000 payment. To toll the statute, the payment made must (1) admit the debt and be (2) under such circumstances from which a promise to pay the balance may be inferred. Here there was no admission of a debt since an offer to compromise or to secure a settlement of a controversy does not constitute an admission of a debt. (Smith v. Satterlee, 130 N. Y. 677.) It is the intention of the debtor which is being scrutinized, and if from his conduct, both of the foregoing cannot be reasonably inferred by a jury, the statute is not tolled. Certainly when the payment made is intended as full and final payment, and under circumstances negating further payment, such intention by the debtor can never be inferred. (Crow v. Gleason, 141 *397 N. Y. 489; Sweeney v. Gould Paper Co., 7 AD 2d 147; 2 CarmodyWait, New York Practice, p. 363.) Grow v. Gleason (supra, p. 493) is determinative. “ In order to make a money payment a part payment within the statute, the burden is upon the creditor to show that it was a payment of a portion of the admitted debt, and that it was paid to and accepted by him as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder. Part payment of a debt is not of itself conclusive to take the case out of the statute. In order to have that effect it must not only appear that the payment was made * * * as a part of a larger indebtedness, and under such circumstances as warrant a jury in finding an implied promise to pay the balance. ’ ’
The defenses of general release and accord and satisfaction, which we have heretofore held good as against her husband, are similarly decisive of plaintiff Claire Oliphant’s suit in her position as a joint obligee. (2 Williston, Contracts [3d ed.], § 343.) In Freedman v. Montague Associates (18 Misc 2d 1, revd. on other grounds 9 A D 2d 936, mot. for iv. to opp. den. 10 A D 2d 637) the court said (pp. 3-4): “ a joint claim is asserted against the defendants. Such being the case, each of the plaintiffs, as a joint promisee, had an interest in the entire claim sued upon, and by virtue thereof, and without the knowledge or consent of his coplaintiffs, had the power to extinguish the joint right of all and to discharge the defendants of their obligation thereon either by release or by an accord and satisfaction. To produce that result all he had to do was to discharge the defendants from further duty to himself.”
Here, there is an implied ratification of husband’s actions by wife since the husband originally delivered the wife’s check to defendant, with her knowledge and consent, the wife’s suit is only for $1,000, and the oral complaint asserts that the original $2,000 was ‘1 unlawfully received by the defendant from the plaintiffs.” (Italics added.) Plaintiff, Claire Oliphant, is also barred by the defense of the Statute of Limitations, though she claims that the statute was tolled by defendant’s payment to her husband in 1960. But we have already held that this is not a tolling of the statute, and further, in her adoption of this payment, implicit therein is husband’s release of defendant. Without the tolling, the statute has run against her suit, it having accrued in 1965 and she having commenced it in 1963. Complaint of each of plaintiffs is dismissed. Judgment for defendant.