**Robert E. SLUSHER and Judy A. Slusher, Appellants,**

v.

**JACK ROACH CADILLAC, INC., Respondent.**

**No. WD 37824.**

Missouri Court of Appeals, Western District.

Sept. 23, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 4, 1986.

Application to Transfer Denied Dec. 16, 1986.

Gene P. Graham, Jr., Graham & Graham, Independence, for appellants.

Walter R. Simpson, Sheridan, Sanders & Simpson, Kansas City, for respondent.

Before TURNAGE, P.J., and SHAN-GLER and KENNEDY, JJ.

TURNAGE, Presiding Judge.

Robert E. Slusher and his wife, Judy, brought suit against Jack Roach Cadillac for fraud in inducing their purchase of a used Chevrolet van. The court entered judgment on a jury verdict in favor of Roach. The Slushers contend there was error in the admission of evidence. Reversed and remanded.

The Slushers went to Roach looking for a van and found one in their price range. On noticing the seats were loose, Mrs. Slusher inquired of the salesman if the van had been wrecked. He assured her that the van had not been wrecked and was in excellent condition. The salesman also represented to the Slushers that the odometer reading of a little over 17,000 miles was accurate.

The Slushers purchased the van and in connection therewith signed a Buyer's Order. The back of the order form contained a number of provisions which were headed "Additional Terms And Conditions." The last paragraph on the back side read as follows:

9. In the event that the motor vehicle Purchaser has ordered is a used vehicle, Purchaser understands and agrees that he will be accepting such vehicle in "as is" condition unless Dealer has agreed to provide Purchaser with a limited warranty in which case the rights of Purchaser and Dealer shall be restricted to the terms of said limited warranty.

After taking delivery of the van, the Slushers drove the van to New Jersey. During the course of the trip the Slushers noticed a noise on the passenger side. On their return home the Slushers experienced difficulty in starting the van. One day a large amount of gasoline leaked from the van, and Mr. Slusher found the source of the leak to be a broken fuel pump.

Mr. Slusher attempted to replace the pump but could not get the new pump to fit into the space available. Mr. Slusher had the van towed to Cable Chevrolet and was later advised by Cable that the fuel pump would not fit because the van's frame had been bent.

Mr. Slusher talked with Roach on several occasions about repairs to the van. When

the fuel pump problem developed, Roach told Mr. Slusher to take the van to Cable. When the repairs at Cable were completed, Roach advised Mr. Slusher that it would be necessary to sign a release before the Slushers could pick up the van, because Roach wanted to settle the matter.

When the Slushers went to Cable to pick up the van, Cable Chevrolet presented them with a release. The Slushers refused to sign the release, so Cable would not allow them to pick up the van. Mr. Slusher testified that about three weeks later he was called back to work and needed the van to get to work. Consequently, he signed the release and Cable delivered the van. Mrs. Slusher never signed the release.

At trial the Slushers testified about the representations made by Roach concerning the van and introduced deposition testimony of an insurance adjuster, who testified that the van had previously been wrecked and had been declared a total loss by an insurance company. They also introduced the title history of the van, which showed the odometer had been turned back from about 25,000 miles to about 17,000 miles. Mr. Slusher testified to his opinion of the difference in value of the van as it was represented and in its actual condition.

The Roach salesman was no longer employed by Roach and was said to be unavailable. He did not testify. Roach introduced the release and the Buyer's Order. The paragraph quoted above from the Buyer's Order containing the "as is" language was shown to the jury by a blow-up of the back page of the order. The Slushers objected to the admission of the back page of the Buyer's Order on the ground that a contract provision was not a defense to a fraud action.

The Slushers also objected to the admission of the release, and in the course of the objection counsel mentioned that the release was ambiguous. However, counsel did not request the court to declare the release ambiguous and offered no instructions by which the jury would be called upon to resolve the ambiguity.

▮ The Slushers now contend that the admission of the back page of the Buyer's Order and the display of this page to the jury by means of the blow-up was prejudicial error. In *Smithpeter v. Mid-State Motor Co.*, 74 S.W.2d 47, 50[8] (Mo.App. 1934), this court held that a defense to an action for fraud in the sale of an automobile could not be predicated upon the contract by which the sale was made. *See Ruler v. M & M Motor Co.*, 231 S.W.2d 277[1] (Mo.App.1950). *See generally*, Annot., 24 A.L.R.3d 465, 482–86 (1969 and 1985 Supp.). Roach concedes that a defense to an action in fraud may not be based upon a provision in the Buyer's Order, but contends the "as is" clause is relevant to prove whether or not Roach made any representations concerning the van.

▮ It is apparent that the "as is" clause is not relevant to whether Roach made any representations about the van or its mileage and that the clause is concerned only with the fact that the Slushers agreed to accept the van without further warranties, unless Roach had agreed to provide the buyer with a limited warranty (which it did not do). The issues in this fraud case were quite different from issues that would arise in a suit on implied warranties for future repairs to the van. Thus, by its very terms, the clause was not related in any manner to the existence of express representations already made concerning the condition of the van, but was concerned only with whether or not Roach would be responsible for future repairs. Because the contract provision is not a defense to a claim of fraud, the admission of the back page of the Buyer's Order and the use of a blow-up featuring the "as is" clause was error.

▮ The next question is whether or not the admission of the page containing the "as is" clause was prejudicial error. Evidence is generally said to be prejudicial if it tends to lead the jury to decide the case on some basis other than the "established propositions in the case." *Lease*

*America Corp. v. Insurance Co. of North America*, 88 Wis.2d 395, 276 N.W.2d 767, 770 (1979). The admission of the back page of the Buyer's Order led the jury to believe that the "as is" clause contained in the Buyer's Order could provide a defense to the fraud action. This was emphasized to the jury through the use of the blow-up of the back page. The admission of the back page clearly led the jury to believe it could decide the case on some basis other than the propositions at issue in the case. For that reason the admission of the back page of the order and particularly the "as is" clause was prejudicial.

Since this case must be reversed for a new trial, it is appropriate to comment on other questions which may arise during the new trial. Although counsel for the Slushers mentioned an ambiguity in the release, he did not request the court to pass on whether or not the release was ambiguous. The trial court thus has not had an opportunity to pass on the question of whether or not the release is ambiguous, and that court should have the opportunity to decide the question before this court takes up the question. The parties are directed to *Busch & Latta Painting Corp. v. State Highway Commission*, 597 S.W.2d 189 (Mo.App.1980), for a full discussion of the law relating to ambiguities in contracts and the respective functions of the court and jury in cases of ambiguous contracts.

Furthermore, since the release was executed only by Mr. Slusher, the Slushers now contend that the release was of no effect because Mrs. Slusher, the joint owner of the van, did not sign the release. Roach submitted to the jury the issue of whether or not the release constituted an accord and satisfaction of the Slushers' claim. In 1 C.J.S. *Accord and Satisfaction* § 24 (1985), it is stated:

> Generally, an accord and satisfaction of a claim or demand, made with one of two or more joint creditors or plaintiffs, operates as a satisfaction of the rights of both or all, and effects a complete extinguishment of the claim ...

*Accord, Oliphant v. New York Yankees, Inc.*, 42 Misc.2d 394, 248 N.Y.S.2d 350, 353[7] (N.Y.Civ.Ct.1964); *see also* Annot., 142 A.L.R. 371, 377 (1943). In *Freedman v. Montague Associates, Inc.*, 18 Misc.2d 1, 187 N.Y.S.2d 636, 641[1] (N.Y.Sup.Ct.), *reversed on other grounds*, 9 A.D.2d 936, 195 N.Y.S.2d 392 (1959), *appeal denied*, 10 A.D.2d 637, 197 N.Y.S.2d 441 (1960), the court stated:

> It is quite obvious then that a joint claim is asserted against the defendants. Such being the case, each of the plaintiffs, as a joint promisee, had an interest in the entire claim sued upon, and by virtue thereof, and without the knowledge or consent of his co-plaintiffs, had the power to extinguish the joint right of all and to discharge the defendants of their obligation thereon either by a release or by an accord and satisfaction. To produce that result all that he had to do was to discharge the defendants from further duty to himself.

In *Lee v. Guettler*, 391 S.W.2d 311, 313[5] (Mo.1965), the court held that joint owners of an automobile cannot separately sue for damage to the automobile over the objection of the adverse party, but that all of the owners must join as parties plaintiff. Here, the van was purchased jointly by the Slushers and although the action was not for damages to jointly owned property in the strict sense, the action was for damages in respect of jointly owned property. The claim in this case would therefore be a joint claim and would fall under the rule as stated in *Lee*.

By reason of being joint purchasers of the van the Slushers were joint obligees of Roach. In that circumstance Mr. Slusher could enter into an accord and satisfaction with Roach that could extinguish the joint claim of both of the Slushers. This court does not hold that there was an accord and satisfaction in this case, but only holds that if the jury finds Mr. Slusher and Roach entered into an accord and satisfaction, that defense would also bind Mrs. Slusher.

The judgment is reversed and this cause is remanded for further proceedings.