Lawrence E. VIENE,
Plaintiff–Respondent,

v.

CONCOURS AUTO SALES, INC.,
Defendant–Appellant.

No. 56700.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 13, 1990.

Motion For Rehearing and/or Transfer to
Supreme Court Denied April 11, 1990.

Application to Transfer Denied
May 15, 1990.

James J. Sauter, St. Louis, for defendant-appellant.

Alex M. Kanter, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

On October 3, 1986, respondent, Lawrence E. Viene, visited Concours Auto Sales Inc., (appellant) and test drove a 1973 Mercedes, Model 280C. Respondent indicated that he was looking for a vehicle for his everyday transportation needs. While driving the car, respondent noticed the vehicle was sluggish in acceleration, shifting and that the car vibrated at about 60 m.p.h. Respondent was interested in the car but wanted to know exactly what was causing the three problems. Jeff Wolff, appellant's authorized agent, told respondent the car had passed the Missouri state inspection and respondent would get the safety inspection, which was on file, if the respondent bought the car. In order to hold the car, respondent entered into a contingency sales contract and paid appellant $1,268. The contract recited on its face in writing that it was "subject to customer's mechanic approval" and was "sold as is." Respondent took the car to an Amoco station near the appellant's place of business and had a mechanic look at the three areas about which respondent was concerned. On October 7, respondent paid appellant $2,467, the balance owed to purchase the car and received the title to the automobile from Mr. Wolff. At that time, Mr. Wolff told respondent that appellant did not in fact have the Missouri State Inspection Certificate of approval. Despite this, respondent kept the title, allowed appellant to keep the check, and drove the car away.

Later, respondent had the car inspected by an authorized Missouri Inspection Station. The car would not pass the inspection without additional repairs. The estimated cost of such repairs was $1,189.19.

At the conclusion of the evidence, the trial court found in favor of the respondent for $1,200 in actual damages, $1,000 in exemplary damages, and $2,900 in attorney's fees. This appeal follows. We affirm.

■ Appellant's first point is the trial court erred in finding appellant committed an act of unlawful merchandising practice by failing to deliver a Missouri safety inspection at the closing of the sale because the respondent closed the sale despite knowledge that he wasn't going to receive the Missouri safety inspection.

Section 307.380.1 RSMo says in pertinent part:

... [a]t the seller's expense every vehicle of the type required to be inspected by section 307.350, whether new or used, shall immediately prior to sale be fully inspected regardless of any current certificate of inspection and approval, and an appropriate new certificate of inspection and approval sticker, seal or other device shall be obtained.

RSMo § 307.380 1986.

Nowhere does the statute indicate that a buyer, by closing a sale after receiving knowledge that he is not going to receive the Missouri safety inspection, relieves the seller of the duty imposed by the statute. Appellant in this case failed to meet the requirements of the statute.

■ In addition, appellant has violated § 407.020 RSMo 1986. The appellant misrepresented to respondent that the car had passed the Missouri state inspection and that appellant had possession of the certificate of inspection which would be given to respondent if and when the car was purchased. Appellant made this representation despite the fact that appellant did not actually have a current certificate of inspection and approval and that appellant knew that the vehicle would not pass the state inspection unless further repairs were made to the vehicle.

The appellant's actions in this case are exactly the kind of conduct that is prohibited by the Missouri Merchandising Practices Act.

The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce ... is declared to be an unlawful practice. RSMo § 407.020(1) 1986.

**816**

Appellant further argues that the sale falls under § 307.380.2 RSMo rather than § 307.380.1 RSMo and therefore no certificate of inspection was required. However, there is no evidence that respondent ever indicated to appellant that the car was being bought for junk, salvage, or rebuilding. Nor is there evidence that appellant informed respondent that the car was only being sold for junk, salvage or rebuilding. Also there was no signed affidavit stating anything regarding a transaction for junk, salvage or rebuilding. In fact the testimony at trial shows that respondent informed the salesman that respondent was looking to buy a car for his everyday transportation needs.

Appellant's first point is denied.

In the second point, appellant argues that the trial court erred in awarding damages for any defects found in a Missouri safety inspection because the sales contract stated an "as is" sale and respondent signed an "as is-no warranty" buyers guide.

The appellant's argument is incorrect. The Missouri safety inspection cannot be disclaimed unless the vehicle is sold for junk, salvage and rebuilding as set out in § 307.380(2) RSMo. Selling a vehicle "as is," without meeting the affidavit requirement of § 307.380.2, does not alleviate the need of the seller to comply with the Missouri state safety inspection Statutes. The safety inspection cannot be waived because it is not a "warranty", instead it is a state mandated requirement that a vehicle meets certain minimum safety standards.

The "as-is no warranty" buyers guide is no defense in this claim. Appellant's agent Mr. Wolff expressly represented to respondent that the automobile had passed a safety inspection and that respondent would receive the safety certificate if respondent bought the car. In *Sluscher v. Jack Roach Cadillac*, a case similar to the one before us, the Western District stated that the "as is" clause was not related in any manner to the existence of express representations already made concerning the condition of the vehicle being sold and that the contract provision was not a de-

fense to the claim of fraud. *Slusher v. Jack Roach Cadillac*, 719 S.W.2d 880, 882 (Mo.App.1986).

Applying this reasoning to the facts before us we find that the trial court did not err in awarding damages for the defects found in the Missouri Safety inspection. Appellant's second point is denied.

The final matter to be addressed is that of respondent's motion for attorney's fees. The trial court in this matter awarded respondent $2,900 in attorney's fees pursuant to § 407.025.1 RSMo. We have considered respondent's motion and find it to be without merit. Motion denied.

The judgment of the trial court is affirmed.

CRANDALL and KAROHL, JJ., concur.