FORECKI and another, Respondents, vs. KOHLBERG and another, Appellants.

*October 8, 1940—March 11, 1941.*

68

70

72

For the appellants there were briefs by *Bendinger, Hayes, Kluwin & Schlosser* of Milwaukee, and oral argument by *Gerald P. Hayes.*

*Robert A. Hess,* attorney, and *Arthur Wickham* of counsel, for Mary Zaleski, administratrix, both of Milwaukee, for the respondents.

The following opinion was filed December 3, 1940:

MARTIN, J. The substance of the several assignments of error is as follows: (1) That the court erred in permitting Robert A. Hess, attorney for both plaintiffs, and Arthur Wickham, of counsel to Robert Hess in the Zaleski case, to represent adverse interests on the trial of the action; (2) that the court erred in permitting Mr. Wickham to cross-examine the plaintiff Forecki and to thereby elicit from him evidence bearing on his assumption of risk so far as his legal relationship to the deceased Zaleski was concerned; (3) that the court erred in submitting question number five (on assumption of risk) over objections of defendants' counsel, and likewise erred in refusing, on motions after verdict, to strike the question from the verdict, and in refusing to grant contribution to the defendants against Zaleski's estate as to any judgment in favor of Forecki against defendants; (4) that the court erred in refusing to change certain answers in the special verdict; (5) that the court erred in refusing to reduce the damages assessed in favor of each plaintiff; (6) that the court erred in refusing to hold that each plaintiff was guilty of fifty per cent or more of the total negligence; and (7) that the court erred in denying defendants judgment dismissing the complaint as to both plaintiffs.

In connection with the first and second assignments of error, defendants contend that Attorneys Hess and Wickham represented adverse interests to the prejudice of defendants in violation of the law of attorney and client. In this connection it appears that the plaintiffs were friends, both received injuries in the same accident, and both were of the opinion that the defendant Kohlberg was solely to blame

for the accident and their resulting injuries. Together they consulted with Attorney Hess, who brought this action in their behalf, serving a joint complaint. Defendants answered and counterclaimed against the plaintiff Zaleski for contribution in the event that they were held liable to the plaintiff Forecki. Zaleski was covered by insurance. His insurance carrier retained Mr. Wickham to represent him on the counterclaim. In making reply to the counterclaim on behalf of the Zaleski estate, it appears that same was signed by Mr. Hess as attorney and by Mr. Wickham as of counsel.

Defendants' objections are particularly directed at Mr. Wickham's cross-examination of the plaintiff Forecki as laying the basis for a finding of assumption of risk on the part of Forecki which the jury found by their answer to the fifth question of the verdict, which finding, if there is any evidence to sustain it, would defeat any claim which Forecki might have against Zaleski's estate, and likewise defeat defendants' claim for contribution. In this connection it appears that Mr. Wickham examined Forecki as to his experiences in riding with Zaleski on former occasions. Forecki testified that he had ridden with Zaleski quite often over a period of about a year; that they had ridden together in the city and out in the country, when Zaleski had stopped at arterial highways when the traffic was heavy and when it was light. Finally Mr. Wickham asked the following question: "Was the manner in which Mr. Zaleski operated that car at that time, his usual and customary manner of operating the car under those or similar circumstances?" To which defendants' counsel objected, and the court ruled that the witness should answer, and the witness answered "Yes." We will make further reference to this question and answer later in the opinion in connection with our consideration of the fifth question, and as to whether there was any basis in the evidence to warrant the submission

of any question on assumption of risk on the part of plaintiff Forecki.

Now as to defendants' right to object to the appearance of Mr. Hess for both Zaleski and Forecki and as to Mr. Wickham's appearance on behalf of the Zaleski estate, we think it should be noted that no contention is made that Forecki ever claimed that he had any cause of action against Zaleski arising out of the collision in question. We must assume that when both plaintiffs retained the same attorney to represent them, and made a joint complaint against defendants, that they disclosed all the facts in connection with their respective claims to Mr. Hess. They were both intelligent and experienced businessmen. So far as the record discloses, Forecki made no objections to the procedure or manner in which his interests were being handled. In any event, we think it clear that defendants have no right to object on the ground that Attorneys Hess and Wickham represented adverse interests. In 7 C. J. S. p. 827, § 47, in relation to attorney and client, the following is stated:

"Only a party who sustains a relation of client to an attorney who undertakes to represent conflicting interests may be entitled to object to such representation."

In *Michel v. McKenna,* 199 Wis. 608, 611, 277 N. W. 396, in connection with facts where the attorney in question had clearly represented adverse interests, this court said:

"But it does not follow that defendant McKenna has a right to have the judgment reversed because Mr. Touhey was unfaithful to his trust. Mr. McKenna has no right to complain. His confidence was not violated. He had no right to any voice in determining who should represent his adversary in this legal contest. Improper conduct on the part of plaintiff's attorney 'cannot be made the basis of a defense on the merits or of a plea in abatement.' *Hovel v. Minneapolis & St. L. R. Co.* 165 Minn. 449, 206 N. W. 710, 711.

"The party whose rights were violated was the defendant Frank P. Michel. He is the one who had a right to complain. But like other rights possessed by him, he could waive that right by failing to make timely objection." (Citing cases.)

To the same effect, see *Harvey v. Harvey*, 202 Wis. 553, 560, 231 N. W. 580. While we think it clear that defendants are not in a position to object to the alleged conflict of interests, we think it proper to say, that on the record before us, there was in fact no conflict of interests upon which defendants' objections on that ground could have been sustained. The situation is not new to the average trial lawyer. Mr. Hess and Mr. Wickham had certain interests in common. Mr. Hess was the attorney of record for both plaintiffs, and Mr. Wickham represented the administratrix of the Zaleski estate. His appearance in that connection was occasioned by reason of defendants' counterclaim for contribution. In 7 C. J. S. p. 825, § 47, it is stated:

"However, it is not inconsistent with the status or office of attorney that he represent different interests which are not actually adverse in the sense that they conflict or are hostile. Mere possibility that different interests represented by an attorney might develop a conflict is not sufficient to disqualify him. Nor is an attorney to be disqualified merely by reason of conduct with respect to a party not amounting to an impropriety under the circumstances of the particular case, or where different parties represented by an attorney were actually benefited rather than adversely affected by the attorney's conduct."

In Canon 6 of the Canons of Professional Ethics of the American Bar Association as to whether there are conflicting interests, it is stated:

"Within the meaning of this canon, a lawyer represents conflicting interests when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose."

It is clear from the evidence in this case that Mr. Wickham did not appear or attempt to appear on behalf of the plaintiff Forecki. We think it might well be assumed that Forecki's contention that Kohlberg and his insurance carrier should be held liable for the damages he (Forecki) sustained was made more certain by Mr. Wickham's appearance in the case on behalf of a coplaintiff who made the same contention.

Defendants' next contention is that the court erred in submitting the question of assumption of risk, in refusing, on motions after verdict, to strike the question, and in refusing to grant contribution to the defendants against Zaleski's estate for one half of any amount they may be required to pay to the plaintiff Forecki. Defendants argue that there is no evidence on which to base a finding of assumption of risk on the part of Forecki. The administratrix of the Zaleski estate contends to the contrary. The rule here applicable is stated as follows in *Young v. Nunn, Bush & Weldon Shoe Co.* 212 Wis. 403, 408, 249 N. W. 278:

"There can be no doubt of the rule that the guest must take the host, with his defects of skill and judgment, and his known habits and eccentricities of driving, and in addition that the guest will be considered to acquiesce in any course of driving *that has persisted long enough to give him an opportunity to protest and thus indicate dissent or disapproval of the manner of driving.*" See cases cited.

In the instant case, no contention is made that defendant Kohlberg was not negligent in the several respects found by the jury. Kohlberg's testimony to the effect that the Zaleski car did not stop as it approached the intersection and that as it approached and proceeded to cross the intersection it was going faster than his car, was evidently not believed by the jury. It was Kohlberg's car which made the skid marks testified to by the traffic officer, and which skid marks commenced north of the intersection on South Thirteenth street

and continued for a distance of seventy-five feet, ending at the wheels of Kohlberg's car in the position it stood when the traffic officer arrived. In this connection it is important to note that the jury found Zaleski negligent as to the speed of his car being too slow as he entered and proceeded to cross the intersection. The physical facts, that is, the skid marks made by the Kohlberg car and the fact that it came into collision with the Zaleski car at about the center on the right side of the car, corroborates all of the testimony on behalf of the plaintiffs. It appears to have been conclusively established that the Zaleski car was parked near the stop sign while Zaleski and Forecki were in the Bauer Tavern. Starting his car from this position, Zaleski brought his car to a stop within thirty feet of the near limits of the intersection, and from this position, both Zaleski and Forecki saw the Kohlberg car approaching at a point approximately three hundred forty feet north of the intersection on South Thirteenth street. Zaleski, believing that he could safely cross the intersection, shifted gears, and had crossed the center line of South Thirteenth street when struck by the Kohlberg car. Starting from a standstill, the Zaleski car had attained a speed of between ten and fifteen miles an hour when the collision occurred. In other words, within a period of five seconds from the time Zaleski saw the Kohlberg car and started to cross the intersection, the accident happened. The jury finding that Zaleski was negligent as to the speed of his car being too slow as he entered and proceeded to cross the intersection and as to management and control of his car are sustained by the evidence. The jury found that Zaleski was not negligent as to lookout. We think this finding is also sustained by the evidence.

The jury found that Forecki was not negligent as to lookout, but found him negligent in failing to give any warning to Zaleski of the approach of the Kohlberg car. However, the jury found that his negligence in this respect

did not cause or contribute to the collision. This was clearly a jury issue and there is evidence to sustain the finding. The jury did find that Forecki acquiesced in the manner in which Zaleski operated his automobile. The administratrix of the Zaleski estate contends that there is evidence to sustain this finding. The law of this state is well settled that there can be no assumption of risk by the guest unless the negligent acts of the host have persisted long enough to give the guest an opportunity to protest and indicate his dissent or disapproval of the manner of driving. *Young v. Nunn, Bush & Weldon Shoe Co., supra; Schwab v. Martin,* 228 Wis. 45, 50, 279 N. W. 699; *Rudolph v. Ketter,* 233 Wis. 329, 333, 289 N. W. 674.

In the latter case the jury found that the plaintiffs had assumed the risk of injury and that they were negligent for their own safety. In this case the alleged negligent conduct of the defendant driver as to speed, control and management of his car covered a period of about twenty seconds before the collision. The court held that there was no evidence to sustain the finding as to assumption of risk and ordered that the jury finding be set aside, and, quoting from *Harter v. Dickman,* 209 Wis. 283, 288, 245 N. W. 157, the court said:

"A rule which compels a guest to accept the driver-host with such skill as he possesses and with such infirmity of judgment as he has, seems eminently fair. The established rule as to assumption of risk by a guest should not be extended to situations where a host is inattentive and careless in making observations, to situations where his faulty judgment is based upon faulty premises proceeding from careless observation, or to hasty judgments resulting from careless observation."

We do not believe that the circumstance of Forecki having ridden with Zaleski on former occasions has any particular significance on the issue of Forecki's assumption of

risk in the instant case. There is no evidence that Zaleski was confronted with the same situation on any former occasion when Forecki was riding with him as was presented at the time of the accident in question. This is the unusual case of the driver being found negligent because he drove too slowly. It is not a case where the guest had knowledge of some particular habit of the host's in the management and control of his car. The driver of a car does not always exercise the same judgment in the operation of his car under identical circumstances. Generally speaking, he may be cautious and careful in making observations as to the traffic upon the highways, occasionally, under identical circumstances, he may be careless in such observations. We have carefully considered all the evidence and conclude that there is none to sustain the finding that Forecki had assumed the risk. The question should not have been submitted in the first instance, but having been submitted and answered in the affirmative, the defendants' motion made after verdict to strike the question should have been granted. It follows that defendants are entitled to contribution from the Zaleski estate and its insurance carrier for one half of any amount they may finally be required to pay to the plaintiff Forecki.

Defendants contend that the damages awarded are excessive. The jury awarded the administratrix of Zaleski's estate $1,500 for his personal injuries. No objection is made to the item of $10 for medical expense nor to the item of $125 for damages to his car. Zaleski has since died, but no contention is made that his death was in any way caused by the accident. He was fifty-four years old and was engaged in the real-estate business with a partner. There is no evidence of any loss of income during the time he was away from his business because of the accident. Immediately following the accident, he was taken to the emergency hospital in Milwaukee where he received treat-

ment; he was there less than two hours. He then went home and the next day called Dr. Krygier. He was in bed about a week. His total medical expense was $10. He estimated that his total loss of time from his work was seven or eight weeks. He testified that his side was injured, and that the doctor ordered hot applications be made. It appears that his wife applied the hot applications to his side for some time following the accident, just how long does not appear. At the time of his adverse examination on October 7, 1938, he testified that he thought he was all right, but that it seemed he did not feel very well since the accident. While we think the damages are high, in view of the evidence, we cannot say that they are clearly excessive, and the jury's award must stand.

The jury awarded the plaintiff Forecki $450 to cover his total wage loss, $4,000 for his personal injuries, and $110 for his medical expenses. As to the latter item, there is no objection. Forecki was fifty-seven years old, was employed on WPA, and was earning $90 a month at the time of the accident. Immediately following the accident, he was taken to the emergency hospital and there treated. He was there about two hours. He was attended by Dr. Krygier the fourth day following the accident. The doctor found two ribs were fractured; that pleurisy developed; that there was a severe bruise on the right shoulder involving the tendons of the shoulder; that the condition of the right shoulder made it necessary to keep his right arm in a sling for five weeks; that there was a bruise on his left hip and muscle soreness all over the body. The doctor testified that he had symptoms of concussion of the brain. Forecki testified that he had intense pain for about three weeks, and that he was not able to have a natural sleep for about four months; that he felt as though he could do some work in the month of July, 1938, though he was not then fully recovered. Dr. Krygier attended him from March 2 to May

31, 1938, on which latter date he advised him to have a neurological examination and also to have X rays made. He testified that he was not an expert in the neurological field. Forecki was then examined by Dr. Rosenberger, a specialist in diseases of the nervous system, on June 15, 1938. Dr. Rosenberger testified that, on the history he had obtained from Forecki and his examination of him, he concluded that Forecki had a hysterical or a nervous episode at the time. He testified that the symptons could reasonably be explained as the result of the accident; that there was a hysteria of fright at the time of the accident and that Forecki was not able to get the memory of it out of his mind. Forecki at that time was complaining of headaches. Dr. Rosenberger further testified that at the time he made this examination on June 15th he was of the opinion that Forecki should have rest from work for at least five or six months. The doctor further testified: "I also wanted to get this thing (litigation) disposed of and out of the way for his own peace of mind so that he could forget about the memory of this accident."

He further testified that on June 15th he gave Forecki a prescription for some medicine, a sedative, something to quiet him down because he was tense and excitable, advising him to learn to relax as much as possible, and that he should not go back to work for at least some time. On cross-examination the doctor's attention was called to the fact that Forecki had resumed his work in the early part of July, 1938, and that Forecki had testified that he felt he was able to do his work. Dr. Rosenberger said that if that were so, he would say that Forecki had overcome the condition he had found him in on June 15th at the time of his examination. Dr. Rosenberger did not see Forecki between that date and the date of the trial of this action in the civil court on June 14, 1939. He did not make any examination of him at the latter time. The award of $4,000 for personal

injuries is highly excessive. The evidence does not sustain an award of this amount, nor has counsel cited any authority to sustain it. The judgment as to the plaintiff Forecki must be reversed and a new trial had on the question of damages only.

The alleged errors which are not treated in the foregoing opinion have been considered but require no specific mention.

*By the Court.*—That part of the judgment in favor of the plaintiff, Mary Zaleski as administratrix of the estate of Stanley Zaleski, deceased, is affirmed. That part of the judgment in favor of the plaintiff Mark J. Forecki is reversed, and cause remanded with directions that an order be entered granting a new trial on the question of damages only, such judgment as may be finally entered in favor of the plaintiff Mark J. Forecki against defendants, to provide that defendants shall have contribution against the administratrix of the Zaleski estate and its insurance carrier for one half of the amount of said judgment.

The following opinion was filed March 11, 1941:

MARTIN, J. (*on motions for rehearing*). The plaintiff, Mary Zaleski, administratrix of the estate of Stanley Zaleski, deceased, has moved for a rehearing. Her motion is addressed solely to the question of assumption of risk on the part of her coplaintiff, Mark J. Forecki. There is nothing new in the argument in support of this motion. The same argument was made in the original brief and was fully considered by the court as indicated in the opinion. The motion will be denied.

The defendants have also moved for a rehearing. They contend that the judgment as to the plaintiff Zaleski should not be affirmed until after a retrial of the Forecki case on the question of damages. We think the position is well taken. Defendants have pleaded a counterclaim in the Zaleski case

in which they asked for contribution against the administratrix of the Zaleski estate for one half of such amount as may be finally awarded to the plaintiff Forecki. In the opinion filed we held that defendants were entitled to contribution as a matter of law. Since defendants' counterclaim is an issue in the Forecki case, the judgment in favor of Mary Zaleski, administratrix of the estate of Stanley Zaleski, deceased, should be reversed with directions that the entry of judgment be deferred until the amount of contribution .be determined, whereupon judgment may be entered in favor of the administratrix of the Zaleski estate as heretofore determined, less a sum equal to one half of the final judgment entered in the Forecki case.

Reference is made in the opinion filed and also in the mandate to Zaleski's insurance carrier. It appears that his insurance carrier was not made a party to this action. The sentences should be stricken.

*By the Court.*—The mandate heretofore entered is withdrawn and the following entered instead: That part of the judgment in favor of the plaintiff Mary Zaleski, administratrix of the estate of Stanley Zaleski, deceased, is reversed with directions that the entry of the judgment be deferred until the amount of contribution be determined, whereupon judgment shall be entered for the amount of damages assessed by the jury, with costs, less a sum equal to one half of the amount of the final judgment entered in the Forecki case. That part of the judgment in favor of the plaintiff Mark J. Forecki is reversed and cause remanded with directions that an order be entered granting a new trial on the question of damages only, such judgment as may be finally entered in favor of the plaintiff Forecki against defendants to provide that defendants have contribution against the administratrix of the Zaleski estate for one half of the amount of said judgment. Defendants to have costs on their appeal. The motions for rehearing are denied without costs.