LEASE AMERICA CORPORATION, Plaintiff-Respondent, v. INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellant.

Supreme Court

*No. 76–323. Submitted on briefs February 28, 1979.—
Decided March 27, 1979.*
(Also reported in 276 N.W.2d 767.)

396

For the appellant the cause was submitted on the briefs of *Merten, Connell & Sisolak, S. C.,* of Milwaukee.

For the respondent the cause was submitted on the brief of *Arthur M. Moglowsky* and *Bass, Goldstein, Moglowsky & Stein, S. C.,* of Milwaukee.

SHIRLEY S. ABRAHAMSON, J.   This is an appeal from an order of the trial court granting Lease America's motion for a new trial on the issue of liability and an

order denying a motion to reconsider the granting of a new trial. We affirm the orders.

Lease America Corporation (an assignee of the lessor) leased printing machines to North Shore Publishing Company, a printing firm with its principal place of business in the Milwaukee suburb of Shorewood. The lease required that North Shore maintain at its own expense fire and extended coverage on the leased equipment with loss payable to Lease America or North Shore as their respective interests may appear.

The printing machines were destroyed by vandals in October of 1972. North Shore's insurance policy with Insurance Company of North America (INA) included coverage for vandalism. However, INA refused to pay the claim on the ground that the printing equipment was not at a "location" designated in the policy as required by the policy. Lease America asserted that the equipment was in fact at a location designated in the policy and, in the alternative, that if the policy description of the location was not sufficient, the failure was the result of a mutual mistake and that the policy should be reformed to describe correctly the location of the covered equipment.

Evidence introduced at the trial established that there was considerable confusion as to what would have been a correct designation of the "location" of the equipment because a "location" is designated in the policy by street address only and the site where the equipment was maintained had no official street address. The equipment was kept at a site close to a paper storage facility used by North Shore which was also apparently identified by the same inclusive street address. INA claimed that only the paper storage facility was covered by the policy.

On the issue of "mistake," Lease America introduced evidence that North Shore intended that all of its assets be fully covered by insurance and that North Shore

relied on a local insurance agent to see that the insurance coverage was sufficient. A principal argument in favor of Lease America's contention that the insufficient address had been a mistake was that it was not reasonable business policy for North Shore to conceal assets from its insurance company thus denying itself adequate coverage.

Late in the trial INA countered Lease America's assertion of mistake by introducing testimony tending to show a motive for North Shore's concealing the location of the printing equipment. A former employee of North Shore testified that because of union objections to the use of the equipment, North Shore had taken steps to hide its photo-offset printing operation from the union, including not telling its local insurance agent about the equipment or its location (although it always included a sufficient dollar amount of coverage for the equipment).

Lease America objected to the introduction of the former employee's testimony, arguing that it was not relevant, as INA was not defending on the ground of misrepresentation, and that, because INA had not alleged misrepresentation, Lease America was unfairly surprised. The trial court admitted the testimony, ruling that the evidence was relevant on the issue of North Shore's claim of mistake as to the designation of the location of the equipment in the policy.

On cross-examination of the former employee, Lease America elicited testimony that the existence of the photo-offset printing operation had become generally known by the time the new insurance policy became effective. This testimony tended, to some extent, to suggest that North Shore no longer had a reason to conceal the equipment location. However, Lease America produced no rebuttal witness, a failure specifically pointed out by INA in its closing argument.

The jury returned a verdict in favor of INA. In answering the special verdict questions the jury found

that the address given as the covered "location" did not sufficiently describe the location of the printing equipment and that there had been no mistake. Damage to the equipment was assessed by the jury at $16,375.

The trial court granted Lease America's motion for a new trial on the issue of liability under sec. 805.15, Stats., which provides in part:

"(1) MOTION. A party may move to set aside a verdict and for a new trial because of errors in the trial, or because the verdict is contrary to law or to the weight of evidence, or because of excessive or inadequate damages, or because of newly-discovered evidence, or in the interest of justice. Orders granting a new trial on grounds other than in the interest of justice, need not include a finding that granting a new trial is also in the interest of justice.

"(2) ORDER. Every order granting a new trial shall specify the grounds therefor. No order granting a new trial shall be valid or effective unless the reasons that prompted the court to make such order are set forth on the record, or in the order or in a written decision. In such order, the court may grant, deny or defer the awarding of costs."

The trial court granted the motion on the basis of error in the trial and in the interest of justice. The trial court determined that it erred in admitting the former employee's testimony concerning North Shore's possible intentional concealment of the site of the printing equipment. Although the testimony was relevant for the purpose admitted, the trial court stated that it should have exercised its discretion to exclude the evidence under sec. 904.03, Wis. Rules of Evidence, on the ground that Lease America was surprised by the testimony and that the testimony was unfairly prejudicial.

Sec. 904.03, Wis. Rules of Evidence, provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or mislead-

ing the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Although sec. 904.03 does not list "surprise" as a specific ground for excluding evidence, testimony which results in surprise may be excluded if the surprise would require a continuance causing undue delay or if surprise is coupled with the danger of prejudice and confusion of issues. See Judicial Council Committee's and Federal Advisory Committee's Notes pertaining to sec. 904.03, 59 Wis.2d at R73–R75; *Fredrickson v. Louisville Ladder Co.*, 52 Wis.2d 776, 784, 191 N.W.2d 193 (1971); *State v. O'Connor*, 77 Wis.2d 261, 287, 288, 252 N.W.2d 671 (1977).

In the present case no continuance was sought. There is some evidence in the record that a possible rebuttal witness was out of town. The trial court may well have believed that a continuance would not have been a suitable remedy in this case.

INA asserts that Lease America was not "surprised" by the testimony because any surprise was due to Lease America's lack of diligence in making normal preparation for the trial. The trial court expressly rejected INA's argument. It was the trial court's view that Lease America would only have been alerted to the testimony of the former employee by INA's pleading misrepresentation as an affirmative defense.

The trial court's conclusion is supported by the record. As the trial court pointed out, Lease America was not a party to the negotiations with INA and had no local office or representative who would be aware of the purely local problem; Lease America was not likely to suspect that North Shore, in a normal exercise of prudent business policy and in the face of a specific lease requirement that the machines be covered, might deliberately supply false information which would jeopardize its coverage of equipment for which premiums had been paid.

From Lease America's point of view it would seem obvious only that there had been a mistake, a mistake which is explainable because of the building arrangement and street address numbers.

The trial court concluded that pursuant to sec. 904.03, Wis. Rules of Evidence, the former employee's testimony should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice. Evidence is unfairly prejudicial if it has "a tendency to influence the outcome by improper means" or if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish" or otherwise causes a jury "to base its decision on something other than the established propositions in the case." *See Christensen v. Economy Fire & Casualty Co.*, 77 Wis.2d 50, 61, 61 n. 11, 252 N.W.2d 81 (1977).

The trial court concluded that the disputed evidence in this case was relevant but unfairly prejudicial. The trial court set forth its reasoning in its memorandum decision as follows:

". . . The effect of . . . [the] testimony was devastating, and we have no reluctance in concluding that Lease America was 'mouse-trapped' by this testimony which, in its unrebutted posture, had to be controlling when the jury went upstairs to deliberate on Lease America's entitlement to relief.

"While it is true, and the Court has so held, that INA had no affirmative burden in showing intentional misrepresentation or deceit in view of Lease America's affirmative duty to establish grounds for reformation, this rebutting testimony entirely changed the climate of the trial and clearly conveyed the impression to the jury that the original insured in this case acted dishonestly and perpetrated a fraud on INA.

". . .

"We conclude from the above that the Court committed prejudicial error in allowing this testimony even though relevant under the issues joined by the pleadings.

We do not say that . . . [the] testimony was not relevant and competent. What we do say is that if INA intended to introduce testimony of this character in defense of its case, . . . [Lease America's] counsel should have been alerted long before the trial of this intended defense."

The bases for the trial court's decision to set aside the verdict and order a new trial because of error in the trial and in the interest of justice, as it is empowered to do under sec. 805.15, Stats., were fully set forth in its memorandum decision. The implication of the testimony in question was that the insured had perpetrated misrepresentation and fraud. This testimony was certainly calculated to arouse the jury's "instinct to punish."

The witness in question was not in the employ of North Shore at the time the value of the printing equipment was included in the policy at the "ambiguous" address. His testimony related to North Shore's "concealment" of the equipment from the union at an earlier period. In the posture of the case where INA had not chosen to defend on the basis of misrepresentation and where INA had not assumed the burden of proof on the issue of misrepresentation, it was well within the trial court's discretion to conclude that the prejudicial effect of the testimony outweighed its probative value and that the trial court had erred in admitting the testimony. It is permissible for a trial court to grant a new trial on what it retrospectively decides was its erroneous exercise of discretion in admitting evidence. *See Bublitz v. Lindstrom,* 17 Wis.2d 608, 615, 117 N.W.2d 636 (1962).

*By the Court.*—Orders affirmed.