STATE of Wisconsin, Plaintiff-Respondent,

v.

David D. HAEFER, Defendant-Appellant.†

Court of Appeals

*No. 82–1027–CR. Argued November 2, 1982.—Decided December 24, 1982.*
(Also reported in 328 N.W.2d 894.)

† Petition to review denied.

382

For the defendant-appellant there were briefs by *Rodney D. Seefeld* and *Screnock & Seefeld, Ltd.* of Baraboo, and oral argument by *Rodney D. Seefeld.*

For the plaintiff-respondent there was a brief by *John F. Truby,* assistant district attorney for Sauk County, and oral argument by *John F. Truby,* assistant district attorney.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.   Defendant was found guilty by a jury and appeals from a judgment of conviction for violation of sec. 346.63(1), Stats., operating a motor vehicle while intoxicated.  We affirm.

Defendant was stopped by a deputy sheriff for driving with a defective headlight.  The officer asked him to step out of the truck and defendant said, "You have got me.

I'm drunk." The officer testified that defendant had difficulty maintaining his balance, his speech was slurred and there was an odor of intoxicants on his breath. When performing field sobriety tests, defendant lost his balance and was unable to touch his nose with either index finger. He was arrested and taken to the sheriff's department. Over his repeated protests, defendant was videotaped while agreeing to take the breathalyzer test and performing field sobriety and breathalyzer tests. He was then read his *Miranda* rights and demanded counsel. The videotaping ended at that time.

The issues on appeal are:

(1) Did admission of the videotape into evidence at trial violate defendant's fifth amendment privilege against self-incrimination or sixth amendment right to counsel?

(2) Do secs. 885.40 through 885.47, Stats., apply to admission of the videotape of defendant at trial?

*Fifth and Sixth Amendment Rights*

Defendant asserts that his fifth amendment privilege against self-incrimination was violated because the tape contains testimonial or communicative responses made by him during the reading of the implied consent form and taking of field sobriety and breathalyzer tests, even though the statements are not admissions of guilt.

Videotapes have been admitted into evidence at trial for operating while intoxicated. *State v. Paegelow,* 56 Wis.2d 815, 820, 202 N.W.2d 916, 918 (1973). However, the issue of the testimonial nature of statements made on the videotape was not addressed in that case.

In *Schmerber v. California,* 384 U.S. 757 (1966), the Supreme Court considered whether the privilege against self-incrimination prohibited withdrawal of defendant's blood to obtain evidence of intoxication. The court restricted the protection afforded by the fifth amendment

to those situations where communications or testimony were compelled:

It is clear that the protection of the privilege reaches an accused's communications, whatever form they might take, and the compulsion of responses which are also communications, for example, compliance with a subpoena to produce one's papers. On the other hand, both federal and state courts have usually held that it offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture. The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling "communications" or "testimony," but that compulsion which makes a suspect or accused the source of "real or physical evidence" does not violate it. [Footnote omitted.]

*Id.* at 763–64.

Thus, the question is whether defendant's statements are protected because they are testimonial or communicative or are merely physical evidence that is outside the privilege. Other state courts have held that such statements are outside the privilege.

In *City of Piqua v. Hinger,* 238 N.E.2d 766 (Ohio 1968), defendant was arrested for driving while intoxicated and was filmed taking physical tests. After the tests were completed, he was advised of his *Miranda* rights. The films were shown to the jury. The *Piqua* court held:

The evidence introduced in the trial of the instant case, in respect to the physical tests made and filmed, did not constitute matter communicated by the accused from his knowledge of the offense. On the contrary, it was real or physical evidence of the kind designated in *Schmerber* as unprotected by the Constitution. Such evidence is constitutionally admissible, even if compelled, and irrespective of whether the warnings required by *Miranda* are given.

*Id.* at 767–68.

In *Lanford v. People*, 409 P.2d 829 (Colo. 1966), defendant was arrested for driving while intoxicated and sound moving pictures were taken of him. The *Lanford* court held that the moving pictures were admissible to show defendant's demeanor, conduct and appearance and to show his refusal to take sobriety and coordination tests. *Id.* at 832. *State v. Strickland*, 173 S.E.2d 129, 134 (N.C. 1970), held that sound motion pictures taken of defendant after arrest for driving while intoxicated did not violate his privilege against self-incrimination. The court cautioned that the film should only be used to illustrate the competent and relevant testimony of a witness, not to present additional substantive evidence of intoxication. *Palmer v. State*, 604 P.2d 1106 (Alaska 1979), held that the fifth amendment does not protect against videotaping sobriety tests. It concluded that defendant's statements were not the result of the type of custodial interrogation requiring *Miranda* warnings, and even if the statements were testimonial, they were harmless in light of the other evidence sufficient to support the conviction.

Defendant contends that *Walker v. Butterworth*, 599 F.2d 1074 (1st Cir. 1979), supports the proposition that words can be testimonial regardless of their substantive content. Walker was convicted of armed robbery and first-degree murder after a defense of insanity failed. The trial court required Walker to exercise his peremptory challenges personally even though he was represented by counsel. The prosecutor emphasised Walker's personal exercise of his peremptory challenges as evidence of his sanity. The First Circuit Court of Appeals held that Walker had been forced to transmit the message to the jury that he could rationally and sanely communicate with his attorney and make important trial decisions. *Id.* at 1082. In that context, his statements were held not to be physical properties or identifying characteristics. *Id.* at 1081–82. He was given a new trial.

In this case, defendant's words show the physical manifestations of intoxication. The words were admitted into evidence by means of videotape to show their physical characteristics. The videotape is a visual and aural corroboration of the deputy sheriff's testimony. The recorded statements were not testimonial. Defendant's fifth amendment rights were not abridged. The trial court properly admitted the videotape into evidence.

Defendant claims that his sixth amendment right to counsel was violated by the denial of his request for assistance of counsel during the videotaping. The videotape shows his repeated requests for an attorney.

*State v. Bunders,* 68 Wis. 2d 129, 133, 227 N.W.2d 727, 730 (1975), held that *Miranda* warnings, including the right to counsel, were not required when an arrested driver is asked to submit to a breathalyzer test, because the request does not involve testimonial utterances by the driver. The court cautioned that if the police interrogated a driver as to his or her driving or intoxication, the statements would be testimonial and the sixth amendment right to counsel would apply. *Id.* at 134, 227 N.W. 2d at 730. Here, defendant's right to counsel was not violated. Before the officers interrogated defendant on his driving and drinking, they gave him *Miranda* warnings and stopped the questioning when he requested an attorney.

*Statutory Requirements*

Defendant asserts that the videotape was improperly admitted because of noncompliance with the videotape procedures established in secs. 885.40 through 885.47, Stats. The trial court held that those sections are inapplicable. We agree.

Interpretation of a statute is a question of law which we review independently on appeal. *Kania v. Airborne Freight Corp.*, 99 Wis. 2d 746, 758–59, 300 N.W.2d 63, 70 (1981). "When the plain meaning of the words in a statute are apparent, a court need not resort to either construction or case law to bolster its recognition of that plain meaning." *Stafford Trucking, Inc. v. ILHR Dept.*, 102 Wis. 2d 256, 265, 306 N.W.2d 79, 85 (Ct. App. 1981).

Section 885.42, Stats., differentiates between depositions, other evidence and entire trial testimony and evidence recorded on videotapes. Sections 885.43 and 885.44 contain requirements for notice and procedure used for taking depositions. A deposition is a statement made under oath. Sec. 804.05(4), Stats. Defendant's statements were not made under oath and do not constitute a deposition within the requirements of secs. 885.43 and 885.44. The requirements of those statutes do not apply to the videotape in this case.

*By the Court.*—Judgment affirmed.