Robert C. GIESEKE and Virginia L. Gieseke,
Plaintiffs-Respondents,

v.

State of Wisconsin DEPARTMENT OF
TRANSPORTATION, DIVISION OF
HIGHWAYS, Defendant-Appellant.

Court of Appeals

*No. 87–1056. Submitted on briefs February 12, 1988.—Decided
May 12, 1988.*

(Also reported in 426 N.W.2d 79.)

For the defendant-appellant the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Donald W. Smith,* assistant attorney general.

For the plaintiffs-respondents the cause was submitted on the brief of *Benjamin Southwick,* of Richland Center.

Before Dykman, Eich and Sundby, JJ.

DYKMAN, J. The State of Wisconsin, Department of Transportation, appeals from a $30,791.99 judgment entered in a condemnation action. The issues are whether the trial court abused its discretion by refusing to disqualify plaintiffs' attorney, and by allowing a videotape into evidence. Because we conclude the trial court properly exercised its discretion in both instances, we affirm.

## FACTS

Robert and Virginia Gieseke own a farm located at the intersection of State Trunk Highway 80 and County Trunk Highway C in Richland County. As part of a highway improvement project, the state and county agreed to a land trade, in which Hwy. 80 north of the intersection became County Hwy. C and Hwy. C north of the intersection became Hwy. 80. The state also condemned about two and one-half acres of plaintiffs' land and awarded them $17,350. Plaintiffs

appealed to the circuit court, pursuant to sec. 32.05(11), Stats.[1]

Plaintiffs' attorney was also the county's corporation counsel. The state moved to disqualify him because of a conflict of interest between the county and plaintiffs. The trial court concluded that the county was not a party to the action and had no monetary interest at stake, and therefore refused to disqualify plaintiffs' attorney.

At trial, plaintiffs attempted to introduce a videotape into evidence which showed five scenes of Robert Gieseke driving his tractor from his farm onto new Hwy. 80. The state objected. The trial court viewed the videotape without the jury. In one scene, a videocamera operator rode on the tractor as it pulled onto the highway. In the other four scenes the videocamera operator was in an automobile on Hwy. 80, traveling toward the Gieseke farm as the tractor pulled onto the highway. During the videotaping, plaintiffs' attorney would signal Gieseke to pull onto the highway when the automobile approached. The videocamera operator testified as to how the videotape was made and was subject to cross-examination. The trial court concluded that the videotape was relevant and had a proper foundation, and permitted plaintiffs to show it to the jury.

The jury found that the fair market value of the property was $155,625 before the taking and was

[1]Section 32.05(11), Stats., provides in part: "The owner of ... the property condemned ... may ... appeal to the circuit court of the county wherein the property is located. ... The sole issue [] to be tried shall be ... the amount of just compensation to be paid by condemnor. It shall be tried by jury unless waived by both plaintiff and defendant. The amount of the jurisdictional offer ... shall not be disclosed to the jury during such trial."

$118,625 after the taking, making plaintiffs' loss $37,000. The trial court added litigation expenses, subtracted the $17,350 already received, and granted judgment on the verdict. The state appeals.

The state claims the trial court abused its discretion because it relied upon an incorrect view of the law in not disqualifying plaintiffs' attorney. A trial court abuses its discretion if it relies upon an incorrect view of the law. *State ex rel. North v. Goetz,* 116 Wis. 2d 239, 245, 342 N.W.2d 747, 750 (Ct. App. 1983).

■ The state argues that plaintiffs' attorney should have been disqualified because the county employs plaintiffs' attorney as its part-time corporation counsel. "Attorneys are obligated to avoid even the appearance of impropriety." *City of Whitewater v. Baker,* 99 Wis. 2d 449, 453, 299 N.W.2d 584, 586 (Ct. App. 1980). A trial court must intervene where the professional misconduct of an attorney affects the substantial rights of the parties. *Ennis v. Ennis,* 88 Wis. 2d 82, 97, 276 N.W.2d 341, 347 (Ct. App. 1979).

In *Baker,* we concluded that no finding of unethical behavior was necessary, and that the trial court "need only find the attorney has undertaken representation of a client whose interests are adverse to those of the former client." *Baker,* 99 Wis. 2d at 453, 299 N.W.2d at 586.

In *Harvey v. Harvey,* 202 Wis. 553, 560, 231 N.W. 580, 583 (1930), the court pointed out that "[a]n attorney is an officer of the court charged by every rule of law and by the highest ethical consideration to keep inviolate the confidence of his client, and he should never under any circumstances make that relationship a basis of personal gain in another action against his client."

In these cases, the offending attorney had represented the adverse party with respect to the subject matter of the case then being tried. Here, plaintiffs' attorney never represented the state with respect to this highway condemnation. He cannot be disqualified because there is no conflict of interest affecting this case.

The state asserts that it is the county's interests, and not its own, that it seeks to protect. However, the state cannot object on behalf of the county. In *Forecki v. Kohlberg*, 237 Wis. 67, 295 N.W. 7 (1941), defendants objected to representation by one attorney of two plaintiffs because the plaintiffs had interests adverse to one another. The court held that only an attorney's former client is entitled to object when that attorney represents interests adverse to him or her. *Id.* at 75, 295 N.W.2d at 10.

The next issue is whether the trial court erred by admitting the videotape into evidence. We review a trial court's evidentiary rulings for abuse of discretion. *Leathem Smith Lodge, Inc. v. State*, 94 Wis. 2d 406, 409, 288 N.W.2d 808, 810 (1980). "'The admission of evidence touching upon the value of property appropriated in condemnation cases must be left largely to the discretion of the trial judge.'" *Id.* (citation omitted). "[A] discretionary determination must be the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination." *Hartung v. Hartung*, 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20 (1981).

The purpose of plaintiffs' videotape evidence was to demonstrate that the farm was not as safe after the

210

taking, and therefore less valuable. The trial court required plaintiffs to first lay a foundation for the videotape outside the presence of the jury. Plaintiffs' witnesses described the making of the videotape and were subject to cross-examination. Gieseke testified that he began pulling onto the highway at his attorney's signals. However, he testified that, when he began pulling out, he could not see the approaching car.

The state objected to the videotape's admission because: (1) it was admitted in violation of secs. 885.40 to 885.47, Stats;[2] (2) it was irrelevant; (3) it was highly prejudicial, misrepresentative and staged; and (4) it was "surprise" evidence, and hence unfairly prejudicial.

The interpretation of a statute is a question of law which we review *de novo. State v. Haefer,* 110 Wis. 2d 381, 387, 328 N.W.2d 894, 897 (Ct. App. 1982). The state argues that the notice provision of sec. 885.43, Stats.,[3] applies to this videotape because it is "other evidence" within the meaning of sec. 885.42(2).[4] The state also argues that the trial court violated sec. 885.44(11)[5] because it made no written rulings on the

[2]These sections deal with videotape procedures in Wisconsin courts.

[3]Section 885.43, Stats., provides:

Every notice for the taking of a videotape deposition and subpoena for attendance at such deposition shall state that the deposition is to be visually recorded, filed and preserved pursuant to the provisions of ss. 885.44 and 885.46.

[4]Section 885.42(2), Stats., provides:

Such other evidence as is appropriate may be recorded by videotape and be presented at a trial.

[5]Section 885.44(11), Stats., provides in part:

211

state's objections and issued no order for editing of the videotape. These statutes are inapplicable. "Section 885.42, Stats., differentiates between depositions, other evidence and entire trial testimony and evidence recorded on videotapes. Sections 885.43 and 885.44 contain requirements for notice and procedure used for taking depositions. A deposition is a statement made under oath. Sec. 804.05(4), Stats." *Id.* at 387, 328 N.W.2d at 897. Plaintiffs did not introduce a videotape of a deposition. The requirements of secs. 885.43 and 885.44 do not apply to the videotape in this case.

The state contends the videotape was not relevant. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Section 904.01, Stats. "It is within the trial court's discretion to decide whether evidence is relevant to any issue in the case." *State v. Horn,* 126 Wis. 2d 447, 457, 377 N.W.2d 176, 181 (Ct. App. 1985), *aff'd,* 139 Wis. 2d 473, 407 N.W.2d 854 (1987). The trial court reasoned that the videotape tended to show the relative safety of the farm. The court concluded that this evidence went to the central issue of the case, which was the value of the farm after the taking. The trial court properly exercised its discretion. *Hartung,* 102 Wis. 2d at 66, 306 N.W.2d at 20.

The state also asserts that the videotape was prejudicial because the state had no notice that the videotape was to be made, as required by sec. 885.43, Stats., and that therefore the videotape should have

The court shall make written rulings on objections [to the videotape] and an order for editing. . . .

been suppressed because of surprise. We have already concluded that sec. 885.43 does not apply to this videotape. With regard to the issue of surprise, "[a]lthough sec. 904.03 does not list 'surprise' as a specific ground for excluding evidence, testimony which results in surprise may be excluded if the surprise would require a continuance causing undue delay or if surprise is coupled with the danger of prejudice and confusion of issues." *Lease America Corp. v. Ins. Co. of N. America,* 88 Wis. 2d 395, 400, 276 N.W.2d 767, 769 (1979). The state did not seek a continuance. The question of whether the prejudicial effect of evidence outweighs its probative value is "well within the trial court's discretion." *Id.* at 402, 276 N.W.2d at 770. The trial court discussed its videotape ruling during the hearing on motions after verdict:

> [C]oncerning the video tape, I would be the first to acknowledge that that was a close evidentiary call for the Court. It's my feeling that the tape was presented essentially for what it was and it was not presented as some kind of an expert opinion that this is the way all cars would act and this is the way every bit of traffic would act. I think it was explained what it was, who did it. I think there is a little difference of opinion so as to whether the plaintiff pulled out at the appropriate time, his testimony was that he never pulled out and when I could see a car coming that he always pulled out when he could not see a car coming and that the one occasion when he did pull out and he could see a car coming, that was a part video tape that the Court refused to admit. I guess my feeling is that it was presented honestly to the jury and they had the right to either use or disregard it and the defendant had the chance to argue its deficiencies

213

and point them out to the jury and it was up to them to decide.

We conclude that the trial court properly exercised its discretion because its evidentiary ruling was the product of reasoned decisionmaking. *Hartung,* 102 Wis. 2d at 66, 306 N.W.2d at 20.

*By the Court.*—Judgment affirmed.

SUNDBY, J. (*dissenting*). At the heart of this case is every lawyer's duty to inspire the confidence, respect and trust of his or her clients and of the public, by avoiding the appearance of impropriety. SCR 20.48(6)(1986). SCR 20.49(2) (1986) provides that to avoid the appearance of impropriety a lawyer may not accept private employment in a matter in which the lawyer had substantial responsibility while a public employee. Because I believe these two canons of ethics and Attorney Southwick's duties as the county's corporation counsel prevent him from representing a private client in a condemnation action involving a county highway, I would reverse the judgment, order a new trial, and direct that the trial court disqualify Southwick.

At the outset, a somewhat detailed recitation is necessary of the facts surrounding Attorney Southwick's representation of the county in the highway project which is the subject of this case. Southwick is retained on salary as the county corporation counsel and has an office in the Richland County courthouse. This is a parttime position which allows him to maintain a separate office outside of the courthouse for the private practice of law. He was employed under a resolution which requires him to serve as legal advisor to the county highway department and the county highway committee and to attend to all

legal matters in and out of court where the department or committee is an interested party. The county highway committee has the power to acquire land for highway purposes by purchase or condemnation. Section 83.08(1), Stats.

The highway project in this case involves the improvement of state trunk highway 80 and county trunk highway C. Richland County initiated the project and entered into a contract for engineering services. The county paid to the state department of transportation twenty percent of the administrative costs incurred for initiating this project. The county highway committee requested engineering services from the state department of transportation. The county board and the state department of transportation subsequently entered into a jurisdictional transfer agreement. Thereafter, the county did not participate in the project. The trial court found that Southwick "probably had some involvement" on behalf of the county in these matters. Southwick does not deny his involvement.

Where, as here, the facts are undisputed the trial court "'enjoy[s] no particular advantage over appellate courts in [its] formulation of ethical norms.'" *Berg. v. Marine Trust Co.,* 141 Wis. 2d 878, 888, 416 N.W.2d 643, 648 (Ct. App. 1987), quoting *Novo Terapeutisk, etc. v. Baxter Travenol Lab.,* 607 F.2d 186, 189 (7th Cir. 1979). It is appropriate then to determine whether the trial court's refusal to disqualify an attorney is predicated upon a proper understanding of applicable ethical principles. *Novo,* 607 F.2d at 188.

The error of the trial court was in requiring the county to have a direct financial interest in the outcome of this litigation as a prerequisite to finding a conflict of interest. The majority and the trial court

fail to consider an attorney's "obligat[ion] to avoid even the appearance of impropriety." *Ennis v. Ennis,* 88 Wis. 2d 82, 99, 276 N.W.2d 341, 348 (Ct. App. 1979). It is the court's duty to "utilize opportunities to criticize and correct unprofessional conduct of attorneys and counselors, brought to [its] attention." Code of Judicial Ethics, SCR 60.01(7).

We are concerned here with an attorney who has a continuing obligation to represent a subdivision of the state in the very project with respect to which he undertakes to represent a private client against the state.[1] He is a public servant or official. It is the public consciousness which the rules of ethics seek to promote. "[T]he court has an obligation to safeguard the integrity of the judicial process in the eyes of the public." *Unified Sewerage Agency, etc. v. Jelco Inc.,* 646 F.2d 1339, 1349 (9th Cir. 1981). "Thus we must notice that in matters of ethics and professional probity, the cause and effect impact upon the public consciousness is almost, perhaps quite, as important as actual fact." *State v. Galati,* 319 A.2d 220, 223 (N.J. 1974).

The burdens placed on an attorney who chooses to represent a public body are greater than those imposed upon a private attorney.

> [A]n attorney who represents the public must be particularly wary of potential conflicts because he

---

[1]Because the county is a subdivision of the state, the majority's reliance on *Forecki v. Kohlberg,* 237 Wis. 67, 75, 295 N.W. 7, 10, 296 N.W. 619 (1941), is misplaced. The state is not only protecting the county's interest but its interest—a public interest—as well. The state does not lack standing to object to Southwick's representation. I question whether the strict standing rule imposed by *Forecki* is applicable after the promulgation of the Code of Professional Responsibility and Code of Judicial Ethics which go to great lengths to enforce attorney ethics.

is measured not only by the honesty of his intentions and motives, but by the suspicion with which his acts may be viewed by the public. "'A public officer owes an individual duty to the public whom he serves, and is not permitted to place himself in a position which will subject him to conflicting duties or expose him to the temptation of acting in any manner other than in the best interests of the public.'"

*In re LaPinska,* 381 N.E.2d 700, 703 (Ill. 1978) (citations omitted).

Here the condemnation action pursued by the attorney on behalf of private parties is affected with a public interest. The county, whom the attorney also represents, has an interest in having the state highway project completed, even though that interest is no longer directly financial. The county was involved in the initial stages of this project and would have undertaken the improvement itself if the arrangement with the state had not been made.[2] Southwick has a continuing responsibility to be watchful of the county's interests in the project. Can we say that not one member of the public would find it incongruent, distasteful, or suspicious to have the county's corporation counsel on behalf of a private client battling the state on a public highway improvement project?

Because of Southwick's continuing responsibility to the county, the conflict in this case is potentially more serious than that involved in *City of Whitewater v. Baker,* 99 Wis. 2d 449, 299 N.W.2d 584 (Ct. App.

[2]To distinguish the county from the state at this point immerses the issue in "'hair-splitting niceties' which properly have been condemned in the enforcement of ethical standards." *First Wisconsin Mtg. Trust v. First Wisconsin Corp.,* 571 F.2d 390, 397 (7th Cir. 1978) (citation omitted).

1980). In *Whitewater* at 455, 299 N.W.2d at 587, we held that the city attorney's prosecution of a condemnation action against property owners he had previously assisted in acquiring the property was "obviously" adverse representation. The attorney was barred from participating in order to avoid the appearance of impropriety and to avoid possibly injuring a former client. *Id.* at 456, 299 N.W.2d at 587. Here there exists not only the appearance of impropriety but the possible injury to a present client. I believe the trial court should have granted the state's motion to disqualify Southwick.