STATE EX REL. Ralph M. NORTH, Petitioner-Appellant,

V.

Ruth J. GOETZ, Respondent.†

Court of Appeals

*No. 83–747. Argued October 10, 1983.—Decided November 2, 1983.*
(Also reported in 342 N.W.2d 747.)

† Petition to review denied.

For the petitioner-appellant there was a memorandum brief and oral argument by *Cramer, Multhauf & Curran*, attorneys, and *James W. Hammes*, of counsel, of Waukesha.

For the respondent there was a memorandum brief and oral argument by *Gerald T. Janis,* assistant city attorney.

Before Scott, C.J., Brown, P.J. and Robert W. Hansen, Reserve Judge.

SCOTT, C.J.   The Waukesha city clerk received a petition, with an attached proposed ordinance, from a member of the public demanding that it be forwarded to the city council for consideration, pursuant to sec. 9.20, Stats.  The clerk refused to forward it because she believed the proposal was administrative, not legislative, and, therefore, did not fall under the statute.  The petition's circulator, Ralph M. North, appeals from a trial court denial of his writ of mandamus.  Because we conclude that the city clerk's duties under sec. 9.20 are ministerial only, such that she has no quasi-judicial authority to make the decision which she did, we reverse.

The petition was filed with the city clerk on January 31, 1983.  The proposed ordinance[1] sought to control the

---

[1] The proposed ordinance reads as follows:

ORDINANCE NO. ——

AN ORDINANCE CREATING SUBPARAGRAPH 6 OF SECTION 3.17 OF THE MUNICIPAL CODE RELATING TO OPERATION OF THE CITY TRANSIT SYSTEM UTILITY

The Common Council of the City of Waukesha, do ordain as follows:

*Section 1.*  Section 3.17(6) of the Municipal Code of the City of Waukesha is hereby created to read as follows:

(6) EXPENSES OF SYSTEM.

(a) Expenses incurred by the Transit System Utility Board in operating the Transit System shall be paid from revenues generated by users of the System, together with local share amounts as levied pursuant to (5).

(b) The Transit System Utility Board shall not accept subsidy payments from the State or Federal Government for any purpose, including the purchase of vehicles, the maintenance of transporta-

sources of funding for the Transit System Utility by creating sec. 3.17(6) of the Municipal Code of the City of Waukesha. On February 14, 1983, the Waukesha city clerk, Ruth Goetz, certified that the petition had sufficient signatures but rejected the attached proposed ordinance as "not the proper subject for direct legislation because it is an administrative matter . . . ." In March, petitioners sought a writ of mandamus in the circuit court of Waukesha county to direct the city clerk to forward the petition and proposed ordinance to the common council. The trial court, apparently relying on an opinion of the Attorney General regarding the city clerk's role in direct legislation, 69 Op. Att'y Gen. 41 (1980), entered an order dismissing the action because the court found the proposed ordinance:

invalid in its entirety for the reason that subparagraph (b) thereof seeks to implement administrative policy and is therefore not a proper subject which can be presented to the Council for consideration under the provisions of Sec. 9.20, Wis. Stats.

tion facilities, or for the purpose of deferring annual operating expenses.

(c) The local share amounts levied pursuant to (5) shall be limited to not more than $1.50 per thousand of assessed value.

*Section 2.* In the event any subsection of this ordinance is invalid for any reason whatsoever, that subsection shall be stricken, but the remaining subsection(s) shall not be affected and shall remain in full force and effect.

*Section 3.* All ordinances or parts of ordinances inconsistent with or contravening the provisions of this ordinance are hereby repealed.

*Section 4.* This ordinance shall be in full force and effect after its passage and publication as provided by law.

Passed this ———— day of ————, 198—.

ATTEST:

The issuance of a writ of mandamus lies within the discretion of the trial court and will be affirmed unless the trial court abused its discretion. *Miller v. Smith,* 100 Wis. 2d 609, 621, 302 N.W.2d 468, 474 (1981); *State ex rel. Kurkierewicz v. Cannon,* 42 Wis. 2d 368, 375–76, 166 N.W.2d 255, 258 (1969). "A writ of mandamus lies to compel public officers to perform their prescribed statutory duties." *Morrissette v. DeZonia,* 63 Wis. 2d 429, 432, 217 N.W.2d 377, 379 (1974). The duty of a public officer to act must be clear and unequivocal, and the responsibility to act must be imperative. *Kurkierewicz* at 377–78, 166 N.W.2d at 259–60. If the duty is not clear and unequivocal and requires the exercise of discretion, it is an abuse of discretion for a court to issue the writ. *Morrissette* at 432, 217 N.W.2d at 379.

The City argues that the city clerk's duties under sec. 9.20(3), Stats., to determine whether the petition is sufficient and whether the proposed ordinance is in proper form, are inherently discretionary. We disagree.

" 'Every statute to some extent requires construction by the public officer whose duties may be defined therein. Such officer must read the law, and he must therefore, in a certain sense, construe it, in order to form a judgment from its language what duty he is directed by the statute to perform. But that does not necessarily and in all cases make the duty of the officer anything other than a purely ministerial one. If the law directs him to perform an act in regard to which no discretion is committed to him, and which, upon the facts existing, he is bound to perform, then that act is ministerial, although depending upon a statute which requires, in some degree, a construction of its language by the officer.' "

*Walter Laev, Inc. v. Karns,* 40 Wis. 2d 114, 120, 161 N.W.2d 227, 230 (1968) (citations omitted).

The duty of the city clerk under sec. 9.20, Stats., is unequivocally of a mandatory, ministerial, nondiscretionary nature. The statute requires the city clerk to forward a petition and proposed ordinance to the common council if there are sufficient valid signatures and the proposed ordinance is in proper form. It is not within Goetz's authority to make a substantive determination regarding the appropriateness of the proposed ordinance for direct legislation

Although the issue was not specifically addressed at the hearing for the writ of mandamus, the trial court implicitly found that a city clerk has the authority under sec. 9.20, Stats., to make a substantive evaluation of the proposed ordinance.[2]

The trial court apparently relied on a 1980 opinion of the Attorney General, 69 Op. Att'y Gen. 41, regarding the authority and basis on which a city clerk may refuse to forward to the common council a petition and ordinance that otherwise complies with the requirements of sec. 9.20(3), Stats. The Attorney General's opinion concludes that "where the authority to review and decline to further consider a petition has been found in the statutory language conferring authority on the council, at least as extensive as authority is vested in the city clerk." Att'y Gen. at 44.

The Attorney General's opinion is only persuasive authority. An opinion has considerable weight if the

---

[2] In making its ruling from the bench denying the writ of mandamus, the trial court stated: "Here it seems to the Court that if any portion of this particular direct piece of legislation falls into the administrative category, the Court is duty-bound under the statute [sec. 9.20, Stats.], and the Clerk is duty-bound under the statute, not to take the requisite corresponding action [and forward it to the common council]." Implicit in this conclusion is that for the clerk to be duty-bound not to forward the proposal, she must first have the authority to make such a determination.

legislature later amends and revises a statute but makes no changes in response to the opinion. *Town of Vernon v. Waukesha County*, 99 Wis. 2d 472, 479, 299 N.W.2d 593, 598 (Ct. App. 1980), *aff'd*, 102 Wis. 2d 686, 307 N.W.2d 227 (1981). However, an Attorney General's opinion, especially if recent, is only entitled to such persuasive effect as a court deems the opinion warrants. *Hahner v. Board of Education of Wisconsin Rapids*, 89 Wis. 2d 180, 192, 278 N.W.2d 474, 479–80 (Ct. App. 1979). In this case, the Attorney General's opinion is of recent origin. It has not been interpreted in the case law, nor has the legislature revised the statute with which it deals. In addition, the opinion cites no authority in support of the conclusion that statutory language conferring authority on a city council grants at least as extensive an authority in the city clerk.

We find no basis in the statute or the case law for the Attorney General's conclusion regarding the city clerk's role in direct legislation. A common council's authority as an elected body empowered to initiate and pass legislation is necessarily greater than that of a city clerk who is an administrative officer. The city clerk does not and should not exercise the discretionary power to inquire into the validity of proposed legislation. "No discretion rests with administrative officials to pass upon the validity of an act proposed by the people." *State ex rel. Althouse v. City of Madison*, 79 Wis. 2d 97, 115, 255 N.W.2d 449, 457 (1977) (citation omitted).

When a trial court bases a discretionary decision on an erroneous view of the law, it is an abuse of that court's discretion. *State v. Hutnik*, 39 Wis. 2d 754, 763, 159 N.W.2d 733, 737 (1968). The trial court's misplaced reliance on the Attorney General's opinion was a legal error and constituted an abuse of discretion. Because

the city clerk's duty to forward to the common council a sufficient petition and ordinance in proper form is mandatory, the writ of mandamus to compel that action must issue.[3]

*By the Court.*—Order reversed and cause remanded.

[3] The City Attorney, in oral argument, conceded that if the Attorney General's opinion was in error as to the clerk's power under sec. 9.20, Stats., then the writ of mandamus should have been issued.

