JAMES H. FASSBENDER, Assistant District Attorney Waupaca County
You advise that Waupaca County is considering the adoption of a resolution which would require all department heads to turn over to the county treasurer general county funds held by them on a weekly basis so that the treasurer can proceed to deposit the same. However, questions have apparently arisen as to whether the clerk of court could be required to comply with this provision in light of certain statutory provisions regarding the handling of funds within that office. You specifically inquire as follows: "Can the county board of supervisors properly require a clerk of court to turn over funds held by him or her to the county treasurer on Friday of each week?"
You point out that there are a number of statutory provisions which either direct that certain funds handled by the clerk of courts be turned over to the county treasurer on a monthly basis or earmark funds for a particular mode of handling or distribution by the clerk of courts. These funds are not susceptible to any treatment by the county board which is at variance with the statutory mandate. On the basis of those statutes and interpretations contained in previous attorney general opinions, I conclude that the county board may not direct the clerk of courts to turn over funds weekly.[1] *Page 144 
Under section 59.20 (1), Stats., the Legislature directs that the county treasurer shall "[r]eceive all moneys from all sources belonging to the county, and all other moneys which by statute or county ordinance are directed to be paid to him. . . ." In regard to such fees as may be collected by county officers, section59.15 further provides in part as follows:
 Compensation, fees, salaries and traveling expenses of officials and employes. (1) ELECTIVE OFFICIALS. . . .
 (b) . . . Any officer on a salary basis or part fees and part salary shall collect all fees authorized by law appertaining to his office and shall remit all fees not specifically reserved to him by enumeration in the compensation established by the board pursuant to par. (a) to the treasurer at the end of each month unless a shorter period for remittance is otherwise provided.
 . . . . (4) INTERPRETATION. In the event of conflict between this section and any other statute, this section to the extent of such conflict shall prevail.
Further, section 59.73, directs as follows:
 Receipts and deposits of money; accounts. Every county officer and employe and every board, commission or other body that collects or receives moneys for or in behalf of the county, shall:
. . . .
 (3) Pay all such moneys into the county treasury at such time as is prescribed by law, or if not so prescribed daily or at such intervals as are prescribed by the county board.
As recognized in 41 Op. Att'y Gen. 160 (1952), the provisions of section 59.15 (1)(b) are controlling over those contained in section 59.73 (3), and the clerk would, therefore, be required to make payments into the treasury only at the end of each month. *Page 145 
Under the 1952 opinion, a county ordinance would not change this result, since the statutory phrase "by law" ordinarily does not encompass county ordinances. 66 Op. Att'y Gen. 149, 153 (1977); 63 Op. Att'y Gen. 108, 112 (1974).
The phrase "by law," however, was deleted from section 59.15
(1)(b) when county powers were expanded in chapter 651, Laws of 1955. See ch. 651, sec. 13, Laws of 1955. The question remains, therefore, whether the change from "otherwise provided by law" to "otherwise provided," would cause a modification of the 1952 opinion. In other words, the question is whether "otherwise provided" can apply to action by the county board or just to statutes.
Past attorney general opinions reveal that the words "otherwise provided" in the statutes refer to other statutes. See 27 Op. Att'y Gen. 309 (1938) and 12 Op. Att'y Gen. 24 (1923). Therefore, it is my opinion that section 59.15 (1)(b) does not give the county board authority to shorten the time period specified in that statute.
DJH:DDS
[1] The long-standing attorney general opinions cited hereafter are entitled to considerable weight. See State ex relNorth v. Goetz, 116 Wis.2d 239, 244-45, 342 N.W.2d 747 (Ct.App. 1983) and Town of Vernon v. Waukesha County, 102 Wis.2d 686,693, 307 N.W.2d 227 (1981). *Page 146