Gordon AHLGREN and Dorothy Ahlgren, Petitioners-Appellants,†

v.

PIERCE COUNTY, Respondent-Respondent.

Court of Appeals

*No. 95–2088. Submitted on briefs November 13, 1995.—Decided December 5, 1995.*

(Also reported in 543 N.W.2d 812.)

†Petition to review denied.

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *Edward F. Vlack* of *Davison & Vlack* of River Falls.

On behalf of the respondent-respondent, the cause was submitted on the brief of *William G. Thiel*, corporation counsel, of *Weld, Riley, Prenn & Ricci, S.C.* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Gordon and Dorothy Ahlgren appeal an order affirming the decision of the Pierce County Land Use Management Committee and dismissing the Ahlgrens' petition for certiorari. We affirm the circuit court's order.[1]

The Ahlgrens own Lot 1 of the Assessor's Plat of the Gordon Ahlgren property in the Town of Clifton, Pierce County. The Ahlgrens submitted a certified survey map to the Pierce County Zoning Office and requested that Lot 1 be split into two lots. The request was submitted to the committee, which rejected the Ahlgrens' request on the basis that it is improper to divide a lot within an assessor's plat by means of a certified survey map. The committee determined that Lot 1 could be divided only by amending the assessor's plat based on § 70.27(4), STATS.

The Ahlgrens filed a writ of certiorari with the circuit court, asking that the court review the committee's determination and order the committee to approve the proposed division of Lot 1. The circuit court issued an order that affirmed the committee's decision to deny the Ahlgrens' request. The Ahlgrens now appeal.

The Ahlgrens raise two issues on appeal: (1) whether dividing a lot within an assessor's plat into two lots constitutes an amendment of the assessor's

---

[1] This is an expedited appeal under RULE 809.17, STATS.

plat; and (2) whether a certified survey map is a proper method to divide a lot located within an assessor's plat. Examination of these issues requires this court to interpret § 70.27(4), STATS. Statutory interpretation presents a question of law that we review de novo. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177, 179 (Ct. App. 1992).

Section 70.27(4), STATS., provides:

> AMENDMENTS. Amendments or corrections to an assessor's plat may be made at any time by the governing body by recording with the register of deeds a plat of the area affected by such amendment or correction, made and authenticated as provided by this section. It shall not be necessary to refer to any amendment of the plat, but all assessments or instruments wherein any parcel of land is described as being in an assessor's plat, shall be construed to mean the assessor's plat of lands with its amendments or corrections as it stood on the date of making such assessment or instrument, or such plats may be identified by number.

The Ahlgrens recognize that § 70.27(4), STATS., details the procedure for amending an assessor's plat, but contend that the section "does not contemplate, and consequently does not regulate, the simple division of a lot within an assessor's plat." The County argues that division of a lot within an assessor's plat constitutes an amendment of the plat, even if the outside boundaries of the plat are not changed.

At issue is whether the word "amendment" in § 70.27(4), STATS., includes dividing a lot within an assessor's plat. The aim of statutory construction is to ascertain the intent of the legislature, and our first resort is to the language of the statute itself. *Northwest*

*Wholesale Lumber v. Anderson*, 191 Wis. 2d 278, 284, 528 N.W.2d 502, 505 (Ct. App. 1995). If the words of the statute convey the legislative intent, that ends our inquiry. *Id.* We will not look beyond the plain language of a statute to search for other meanings; we simply apply the language to the case at hand. *Id.*

■

The word "amendment" is a nontechnical word and, therefore, it shall be construed according to common and approved usage. *See* § 990.01(1), STATS. The common and approved usage of words in a statute can be established by reference to a recognized dictionary. *Hayne v. Progressive Northern Ins. Co.*, 115 Wis. 2d 68, 73, 339 N.W.2d 588, 590 (1983). According to WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 68 (Unabr. 1976), amendment can be defined as the "act of amending esp. for the better," "correction of a fault or faults," "reformation (as of one's life)," and "the process of amending." BLACK'S LAW DICTIONARY 81 (6th ed. 1990) defines amendment as: "To change or modify for the better. To alter by modification, deletion, or addition." These definitions indicate, as the circuit court concluded, that an amendment is a change, and it follows that because dividing one lot into two lots is a change, the dividing process constitutes "amendment" under § 70.27(4), STATS.

■

The Ahlgrens oppose this interpretation of § 70.27(4), STATS. First, they argue that the second sentence of § 70.27(4) makes sense only if the word "amendment" is read to include a change in the outside boundary of an existing assessor's plat, but not a simple division of a lot within the plat. They explain, "Since it is not necessary to refer to any amendment of the plat, a simple division cannot be an amendment

because there would be no way to distinguish the two new resulting parcels." We disagree. The plain meaning of the second sentence in § 70.27(4) is that an assessor's plat, as originally ratified, includes all subsequent amendments or corrections, and that when one references the plat, he or she need not refer to each and every amendment that has been made. While the Ahlgrens have identified a situation where omitting references to the amendments may not adequately specify the lot to which reference is made, the statute does not prohibit one from mentioning amendments when it would be helpful. By using the words "need not," the statute simply suggests one may refer to a plat using its original name. We reject the Ahlgrens' argument that this sentence somehow signals a legislative directive that amendment can mean only changes in a plat's exterior boundaries.

■

The Ahlgrens also argue that an attorney general's opinion supports their position because it indicates that the purpose of assessor's plats is to eliminate uncertainties and reconcile discrepancies in real estate descriptions that have arisen in the past and presently hinder various local governmental functions. *See* 61 Op. Att'y Gen. 25, 26 (1972). The Ahlgrens argue that because their request to divide is not based on a discrepancy in a real estate description, they should not be required to accomplish this division using § 70.27, STATS., procedures. We disagree. There is nothing in the statute that suggests one should independently assess every potential plat division to determine whether following § 70.27 is necessary to effectuate the statute's purpose. The statute clearly requires that § 70.27 be used to amend an assessor's plat.

The Ahlgrens also argue that under the attorney general's opinion, "it is clear amendments of the outer boundaries of lots in an assessor's plat [are] different from an internal division of a lot." We disagree. The relevant section of the attorney general's opinion printed the question posed and the attorney general's response:

> "What limitations are involved concerning the amendment or correction of an assessor's plat of record? For example, [may] boundaries of lots within the originally recorded assessor's plat be changed by such amendment or correction?"
>
> The first part of this question is too general to allow a meaningful response. In response to the second part of the question, however, it is my opinion that the boundaries of lots as shown within the original recorded assessor's plat may be changed by virtue of an amendment or correction adopted in compliance with sec. 70.27, Stats.

61 Op. Att'y Gen. at 29.

The Ahlgrens point out that the attorney general used the word "may" when addressing whether the § 70.27, STATS., process could be used to change boundaries within a plat. At the same time, the attorney general, analyzing § 70.27(4), STATS., specifically stated that the plat *must* be prepared in full compliance with all the provisions of § 70.27. 61 Op. Att'y Gen. at 28. The Ahlgrens appear to argue that because the opinion unequivocally states that amendments *must* comply with § 70.27, yet also states that boundaries within the originally recorded plat *may* be changed using § 70.27, the attorney general has indicated that changing the boundaries within the plat does not constitute amendment. We are not persuaded.

First, the attorney general was not addressing whether changes in boundaries *must* be made using § 70.27; he was responding to a question that asked whether § 70.27 *could* be used to change boundaries within a plat. Therefore, the attorney general may not have contemplated whether this procedure was not only permissible, but also required. Second, attorney general opinions are only persuasive authority. *State ex. rel. North v. Goetz*, 116 Wis. 2d 239, 244, 342 N.W.2d 747, 750 (Ct. App. 1983). Thus, even if the attorney general's opinion conflicted with our reading of § 70.27(4), STATS., we would not be bound by it.

██

We conclude that the plain meaning of the word "amendment" in § 70.27(4), STATS., includes the process of dividing a lot into two lots, because to divide a lot is to reform it, to change it and to modify it. Thus, if the Ahlgrens wish to divide their lot into two lots, they must follow the procedures outlined in § 70.27. Therefore, we affirm the circuit court's order affirming the decision of the Pierce County Land Use Committee and dismissing the Ahlgrens' petition for certiorari.

The second issue the Ahlgrens have raised is whether a certified survey map is a proper method to divide a lot located within an assessor's plat. The Ahlgrens acknowledge that "an amendment or a correction to an assessor's plat cannot be accomplished by certified survey map." Because we have concluded that the Ahlgrens' proposed lot division constitutes an amendment of the assessor's plat, we need not address this second issue.

*By the Court.*—Order affirmed.